### DAVID P. KIMBALL & others *vs.* ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

Suffolk.   May 24, 25, 1892. — June 23, 1892.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Priority of Preferred Stock — Jurisdiction — Pendency of Similar Suit.*

A bill in equity was brought by certain holders of shares of first preferred stock in a railroad company duly established under the laws of another State, but having a usual place of business in this Commonwealth, and having five of its directors residing therein.   The prayer was that the company be enjoined from issuing certain bonds, except with a stipulation that the bonds should be subordinated to the rights and priority of the plaintiffs and other holders of preferred stock.   The defendants set up in their answer and demurrer that the plaintiffs had brought a similar suit, then pending in the Circuit Court of the United States for the district in which the railroad was located.   *Held,* that the plaintiffs ought to resort in the first instance to that court which alone could declare the law of the case with authority, and could compel obedience to it by force, and that the bill should be dismissed.

BILL IN EQUITY, brought by certain holders of the first preferred stock of the St. Louis and San Francisco Railway Company, a corporation duly established under the laws of the State of Missouri, having a usual place of business in this

Commonwealth, and having five of its directors residing therein. The prayer was that the company be enjoined from issuing bonds to a large amount, excepting with and subject to a stipulation that the bonds should be subordinated to the rights and priority of the plaintiffs and other holders of the first preferred stock during the pendency of the suit, and that on a final hearing the injunction should be made perpetual.

Among other defences in the defendant's answer and demurrer was the following:

"And the defendant says that the plaintiffs have brought in the Circuit Court of the United States for the Eastern District of Missouri a suit in equity, which is now pending in the said court, in which suit this defendant is one of the defendants; and that the plaintiffs in their bill in the said suit in Missouri pray that this defendant, and its officers and agents in that behalf, be restrained and enjoined from issuing any of this defendant's consolidated mortgage bonds, which are the same bonds the issuing of which the plaintiffs seek to enjoin by this suit."

A copy of the bill was annexed.

Hearing before *Barker*, J., who reserved the case for the determination of the full court, such decree to be entered as justice and equity may require.

*J. Lowell & S. C. Eastman,* for the plaintiffs.

*R. Olney,* (*H. W. Swift* with him,) for the defendant.

HOLMES, J. The plaintiffs necessarily will be referred to the courts of Missouri to compel the defendant to respect their rights, in case compulsion is necessary. The most that we can do, if they have the right they claim, is to reduce it to *res judicata.* Whether they have that right is a question of Missouri law touching the internal affairs of a Missouri corporation. The objection to our proceeding with the case was taken at the outset, and we are of opinion that it must prevail. We assume, for the purposes of decision, that we have jurisdiction in such a sense that, if we proceeded to a decree upon the merits, it would be binding in Missouri. But it seems to us clear that, as among the States of this Union, the plaintiffs ought to resort in the first instance to that court which alone can declare the law of the case with authority, and can compel

obedience to it by force.   It would be a misuse of our powers
to attempt to control the action of those courts in a case like
this, by an adjudication which would depend upon them for
enforcement, and which they might say had mistaken the
Missouri law.   *Smith* v. *Mutual Ins. Co.* 14 Allen, 336, 343.
*Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina,
& Western Railroad,* 135 Mass. 34.   *Pierce* v. *Equitable As-
surance Co.* 145 Mass. 56, 63.   *Gregory* v. *New York, Lake
Erie, & Western Railroad,* 13 Stew. 38.   *North State Copper
& Gold Mining Co.* v. *Field,* 64 Md. 151, 154.   The later New
York cases seem to be put on the construction of a statute.
*Prouty* v. *Michigan Southern & Northern Indiana Railroad,*
1 Hun, 655, 658.   *Ives* v. *Smith,* 3 N. Y. Suppl. 645, 651.
Compare *Howell* v. *Chicago & Northwestern Railway,* 51 Barb.
378; *Berford* v. *New York Iron Mine,* 56 N. Y. Sup. Ct. 236,
239; *Fisher* v. *Charter Oak Ins. Co.* 52 N. Y. Sup. Ct. 179, 189.
In *Boardman* v. *Lake Shore & Michigan Southern Railway,* 84
N. Y. 157, the defendant was consolidated under the laws of
the State of New York, among others.         *Bill dismissed.*