James Madden, James Madden, Executor of Stephen
  Madden; Louis A. Gallup, John A. McCaulley, Paul
  J. Field, Executor of Paul J. Field, Jr.; William Hal-
  laway, Charles A. Birchard, Charles Leedom, Charles
  J. Conway, Malachi O'Byrne, Leopold Brooks, Celia
  P. Ertel, James Ewing, Nicholas Kopp, George C.
  Holz, Theodore F. Miller, Elliston Perot, James Ken-
  ton, Henry J. Hartly, George Bille, John D. Kennedy
  Joseph T. Jackson, Charles Stokes Wayne, Herman
  Steinbeisser, Theodore Weil, Kathaleen Kopp, Admin-
  istratrix of Matthew Kopp; James B. Thompson, H.
  B. Plumer, H. Niles, Edward V. Kane, John H. Fow,
  H. W. Riday and George F. Haufler, *v.* The Penn
  Electric Light Co., the Edison Electric Light Co., the
  Electric Trust of Philadelphia, and J. Lowber Welsh,
  Thomas Dolan, William Wood, Richard Brock, Clem-
  ent B. Newbold, George W. Hill, John Boyd and A.
  J. De Camp, Trustees thereof.

*Corporations—Jurisdiction over foreign corporations—Equity—Internal management.*

A court of equity in Pennsylvania will not entertain a stockholder's bill against a foreign corporation where the matters complained of in the bill relate to the internal management of the company.

Where the act complained of in a stockholder's bill against a corporation affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholder's meeting or through its agents, the board of directors, such action is the management of the internal affairs of the corporation; and in case of a foreign corporation the courts of Pennsylvania will not take jurisdiction; and it is immaterial that the visible, tangible property of the foreign corporation is situate within the state.

A court of equity in Pennsylvania will not assume jurisdiction over a stockholder's bill against a foreign corporation which charges the corporate management with disregard of the rights of the whole body of stockholders in making unwise and reckless contracts, which depreciate and render valueless the stock of the complainants.

Argued Jan. 25, 1897. Appeal, No. 404, Jan. T., 1896, by plaintiffs, from decree of C. P. No. 2, Phila. Co., Dec. T., 1895, No. 607, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity by stockholders against a foreign corporation alleging corporate mismanagement.

Demurrer to bill.

The averments of the bill and the grounds of the demurrer are stated in the opinion of the Supreme Court.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was in sustaining the demurrer and in dismissing the bill.

*James W. M. Newlin,* for appellant.—The court had jurisdiction: Bank v. Adams, 1 Parsons, 534; Act of April 6, 1859, P. L. 387; R. R. v. Harris, 12 Wall. 81; Lafayette Ins. Co. v. French, 18 Howard, 405; Morris v. Stevens, 6 Phila. 488; Babcock v. Schuylkill & L. V. Ry., 9 N. Y. Supp. 845; Ives v. Smith, 8 N. Y. Supp. 46; State v. Farmer, 7 Ohio Cir. Ct. Rep. 429; Cleaton v. Emery, 49 Missouri App. 345; 8 Am. & Eng. Ency. of Law, 334; Redmond v. Hoge, 3 Hun (N. Y.), 171.

*Charles E. Morgan, Jr.,* with him *Francis D. Lewis,* for appellees, other than the Edison Light Co.—The court had no jurisdiction: Morris v. Stevens, 6 Phila. 488; Bank of Virginia v. Adams, 1 Parsons' Select Eq. Cas. 534; Kansas Construction Co. v. R. R., 135 Mass. 34; Wilkins v. Thorne, 60 Md. 253; Mining Co. v. Field, 64 Md. 151; Smith v. Ins. Co., 14 Allen, 336; Gregory v. R. R., 40 N. J. Eq. 38.

*Samuel B. Huey,* for appellee, the Edison Electric Light Company.—Against a foreign corporation a court of equity in Pennsylvania cannot exercise jurisdiction in relation to or in connection with its internal management: Kansas Construction Co. v. R. R., 135 Mass. 34; Wilkins v. Thorne, 60 Md. 253; Mining Co. v. Field, 64 Md. 151; Gregory v. R. R., 40 N. J. Eq. 38; Morris v. Stevens, 6 Phila. 488; Bank v. Adams, 1 Parsons' Select Eq. Cases, 534.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

The Penn Electric Light Company is a New Jersey corporation, with at first a capital of $100,000, divided into shares of the par value of $1.00 each, which was afterwards increased to $200,000, and subsequently still further increased to $1,000,000. The city of Philadelphia, by ordinance, granted it the right to occupy by conduits for electric lighting about thirteen miles of its streets, extending from the Delaware to the Schuylkill, and from Race to South streets, and at the same time authorized it to lease its conduits to others. In the beginning of July, 1887, the Electric Trust of Philadelphia, another of defendants, when the capital stock was as yet only $200,000, purchased for the sum of $160,000 a controlling interest in the stock. On the 14th of the same month, at the instance of the purchaser, the Penn Electric Light Company rented to the Edison Electric Light Company, another of defendants, the use of all its conduits for the term of forty-eight years, at the rate of fifty-five to thirty-five cents per annum for each lamp used, determined by the number of lamps used up to and over 24,000. It is not clear from the contract whether the use was exclusive. We are inclined to the opinion, the contract only excluded such other use as would materially interfere with the operations of the Edison Company.

The Penn Company had contracted a debt of $50,000 to the Electric Trust Company, which is being paid off at a rate of $500 per year out of the annual rentals, but no dividends have as yet been realized by the stockholders. A minority of them, these plaintiffs, on January 7, 1896, filed this bill against defendants. They aver a fraudulent increase of the capital of the Penn Electric Light Company by defendants in the amount of $500,000, and the issue of full paid certificates therefor to George S. Vickers for worthless patents; the issue of 100,000 shares to William Cohlman for worthless patents; that this was a fraudulent device concocted by Vickers, Cohlman, and the promoters of the company for their own personal benefit; that all the increases of capital were unlawful and fraudulent, and the certificates filed by the officers in the state of New Jersey of the vote for such increase were false; that all these facts were known to the Electric Trust and the Electric Light Company at the date of their contracts with the Penn Electric Light

Company; that said contracts were dishonest attempts by said two companies to promote their own interests to the great prejudice and loss of the stockholders of the Penn Electric Light Company, of whom plaintiffs are a part, and that they, the said plaintiffs, are bona fide purchasers of said stock, with no knowledge of the fraudulent issue; that the Penn Electric Light Company is, and has been for years, insolvent, and has no assets except its income from the rentals of its conduits to the Edison Company, and this will not pay its fixed charges; that plaintiffs are in peril from demands of creditors of said company, and may be called upon for assessments upon the stock held by them. They therefore pray, according to an amended bill, that it be decreed: 1. That the conduits shall be used by all persons desiring to use the same, upon such terms as shall be fixed by the court. 2. That it be ordered that bids be invited by the Penn Company for the extension and use of its conduits. 3. That it be decreed the management of the Penn Company is fraudulent and collusive as to its stockholders, and that relief be afforded by the appointment of a master to enforce the prayers for relief. 4. General relief.

The defendants demurred to the bill, on the ground, that the matters complained of related wholly to the internal management of a foreign corporation, and, therefore, the jurisdiction was exclusively in the courts of New Jersey. The court below, without filing an opinion, sustained the demurrer and dismissed the bill. The plaintiff afterwards asked leave to amend the bill, leaving out the averments as to fraudulent issue of stock held by the Electric Trust, and the prayer that the Edison Company contract be canceled. On this application, however, the court took no action; but, as the object of the amendment seems to have been to avoid the charge of multifariousness in the bill, on which the court below may have based its decree, we will here, for the purposes of review, treat the amendment as having been made, and consider only the question as to whether the relief prayed for is a matter of which a Pennsylvania court will take jurisdiction.

The Penn Electric Light Company is a New Jersey corporation created by another state, and subject to the corporation laws of that state. Its organization, corporate functions, who shall become members, what are their rights as members, are all ques-

tions for New Jersey courts, because questions of local law; therefore, they require local administration.

The contract with the. Edison Company, the bill assumes, granted the exclusive use of the conduits to that company, which was not within the corporate power of the Penn Company to grant. Assuming the grant was exclusive, what was the scope of the corporate power conferred by the state of New Jersey? We must at once turn to the local law of New Jersey for answer. Next it is asked that a decree be made that bids be invited for the extension and use of its conduits; next, that the management shall be declared collusive and fraudulent, and be placed in the control of a master to be appointed by the court. This involves the corporate management of a foreign corporation by a Pennsylvania court. It seems to us it would be without warrant in either reason or authority. While visatorial and remedial powers are conferred upon our courts over corporations of this state, and they can, under certain circumstances, properly exercise these powers, as to foreign corporations it has been directly decided otherwise under the averments of this bill. In Morris v. Stevens, 6 Phila. 488, Justice SHARSWOOD, sitting at nisi prius, held that a stockholder's bill could not be maintained against a foreign corporation, mainly on the ground that to do so would lead to a conflict of jurisdiction. He refers to Judge KING's decision in Bank v. Adams, 1 Parsons, 534, where it was held that even a creditor's bill to compel payment of subscription to stock was not sustained; much less would a stockholder's bill lie, for the Pennsylvania resident has no right to call upon the courts of his own state to protect him from the consequences of a voluntary membership in a foreign corporation. By the very act of membership he intrusted his money to the control of an organization owing its existence to and governed by the laws of another state.

It is argued by appellant that the visible, tangible property of a foreign corporation situate within this state confers local jurisdiction and, therefore, as the conduits are in Philadelphia, our courts have jurisdiction. Without doubt, courts of equity in Pennsylvania, have, under our act of assembly of April 6, 1859, jurisdiction to enjoin unlawful acts by such corporations; to enforce performance of contracts in this state with third parties; in short, have general jurisdiction in equity; but they

have no jurisdiction as to their internal management. What constitutes internal management is well defined by STONE, J., in Mining Co. v. Field, 64 Md. 154 : " Where the act complained affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation ; and in case of a foreign corporation our courts will not take jurisdiction."

Here, the plaintiffs, stockholders, accuse the corporate management of disregard of the rights of the whole body of stockholders for whom the corporation is trustee, in making unwise and reckless contracts, which depreciate and render valueless their stock. The wrong complained of is not from the violation of a contract with them, but want of fidelity to duty in their fiduciary relation springing from the nature of the organization.

In substance, the averment is that at the office of the company, in the state of New Jersey, the management, in violation of their official duty, entered into a contract to be performed in Pennsylvania, whereby the stockholders suffer. This, plainly, strikes at the internal management of the company ; the existence of the wrong must be ascertained, and the remedy applied, according to the laws of the domicil.

The decree is affirmed.