STATE EX REL. JOHN FERENCZ V. UNIDA GOLD MINING CO. ET AL.

1. MANDAMUS NOT PROCEEDING TO REQUIRE CORPORATION SECRETARY TO CALL STOCKHOLDERS' MEETING.

Mandamus is not the proper proceeding by which to require the secretary of a corporation to call a meeting of its stockholders.

2. COURTS HAVE NO VISITORIAL JURISDICTION OVER INTERNAL CORPORATE AFFAIRS.

The courts of this state have no visitorial or supervisory jurisdiction with regard to the management of the internal affairs of a corporation of another state.

[Syllabus by the court.]

ERROR to Cuyahoga common pleas court.

*Hart, Canfield & Croke,* for plaintiff in error.

*Palda & Svarc,* for defendants in error:

Cited and commented upon the following authorities: *Fraternal Mystic Circle* v. *State,* 61 Ohio St. 628 [48 N. E. Rep. 940; 76 Am. St. Rep. 446]; *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St. 189 [56 N. E. Rep. 1033; 48 L. R. A. 732; 78 Am. St. Rep. 707]; *Freon* v. *Carriage Co.* 42 Ohio St. 30 [51 Am. Rep. 794]; *State* v. *Carpenter,* 51 Ohio St. 83 [37 N. E. Rep. 261; 46 Am. St. Rep. 556].

**WINCH, J.**

The relator filed a petition in the common pleas court setting forth that the defendant company was incorporated under

State v. Mining Co.

the laws of the state of Arizona, but having its principal office in the city of Cleveland, Cuyahoga county, Ohio, where the defendant, George H. Palda, its secretary, and the other defendants, some six in number, directors of said company, reside. He sets forth that he is a stockholder of the company and requested said secretary to call and give notice of an annual meeting of the stockholders of the company to be held on February 21, 1910, pursuant to a by-law of the said company, which he sets forth, but that the defendants wholly refused to hold said meeting. The relator prays that a writ of mandamus may issue, commanding the defendants to perform their duties, as set forth in the constitution and by-laws of the corporation, and give notice of the time and place of the annual meeting of the stockholders. To this petition a demurrer was filed, which was sustained by the common pleas court, and the plaintiffs not desiring to plead further, judgment was entered dismissing the petition; to review said judgment this proceeding in error has been instituted.

We apprehend that there are two reasons justifying the ruling of the common pleas court in sustaining the demurrer.

First, the relator mistook his remedy. The object of the remedy by mandamus is to compel public officers and private individuals in matters relating to the public, to perform their public duties. *Tillson* v. *Putnam Co. (Comrs.)* 19 Ohio 415.

As stated by Judge Shauck in the case of *Fraternal Mystic Circle* v. *State,* 61 Ohio St. 628 [48 N. E. Rep. 940; 76 Am. St. Rep. 446], ''This is only saying, that private actions are appropriate for the redress of private wrongs.''

So it was there held that a member of a private corporation though unlawfully expelled and excluded from participation in its benefits, is not entitled to a writ of mandamus to compel it to restore him to membership. The proper procedure to enforce the private rights of a stockholder in a corporation is pointed out in the case of *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St. 189 [56 N. E. Rep. 1033; 48 L. R. A. 732; 78 Am. St. Rep. 707], where it is held:

''Injunction is the proper form of remedy to enforce the

right of a stockholder in a private corporation, given by Sec. 3254 Rev. Stat. (Gen. Code 8672, 8673), to inspect the books and records of the corporation.''

Another cogent reason why the demurrer was properly sustained is, that the courts of one state have no visitorial or supervisory jurisdiction with regard to the internal affairs of a corporation of another state which in no wise affect the rights of the citizen as such, in common with all other citizens, and distinct from his private rights as a stockholder. This view is elucidated in the case of *Madden* v. *Light Co.* 181 Pa. St. 617 [37 Atl. Rep. 817; 38 L. R. A. 638].

In the case of *North State Copper & Gold Co.* v. *Field,* 64 Md. 151 [20 Atl. Rep. 1039], it is said:

''Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president, or other officer, and is the act of the corporation whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation, our courts will not take jurisdiction.''

We subscribe to this statement of the law, and for the two reasons stated, the judgment of the common pleas court is affirmed.

**Henry, J.,** concurs.