## Moulton, Appellant, v. Lathrop.

*Corporations — Foreign corporations — Internal management — Stockholder's bill—Equity.*

The courts of this state will not take jurisdiction of a case involving the internal management of a foreign corporation. Where the plaintiff is seeking to interfere with the internal management of a foreign corporation, he must seek his redress in the domicile of the corporation.

Where the act complained of in a stockholder's bill affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation whether acting in stockholders' meeting or through its agent, the board of directors, such action is the management of the internal affairs of the corporation and in case of a foreign corporation, the courts of Pennsylvania will not take jurisdiction.

Argued March 8, 1921. Appeal, No. 16, March T., 1921, by plaintiff, from judgment of C. P. Lackawanna County, Oct. T., 1919, No. 12, sitting in equity, in the case of William Connell Moulton v. Maxwell D. Lathrop, Henry R. Lathrop and Franklin Leonard, Jr. Before

ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.. Affirmed.

Bill in equity for injunction.   Before EDWARDS, P. J.
The facts are stated in the opinion of the Superior Court.
The court dismissed the bill.   Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*R. W. Archbald,* and with him *H. W. Mumford,* for appellant, cited: North State Copper Co. v. Field, 63 Md. 151; Madden et al. v. Electric Light Co., 181 Pa. 617; Kelly v. Thomas, 234 Pa. 418, 430; Hogue v. American Steel Foundries, 247 Pa. 12; Loan Society v. Eavenson, 241 Pa. 65; Kelly v. Thomas, 234 Pa. 419 supra.

*M. J. Martin,* for appellees, cited: Hartley v. Langkamp & Elder, 243 Pa. 550-556; Madden et al. v. Electric Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 249; MacMullen v. Ritchey, 64 Fed. Rep. 253.

OPINION BY PORTER, J., July 14, 1921:
This bill is clearly one of interference in the internal management of a foreign corporation, without even making that corporation a party to the proceeding.   The bill avers that the plaintiff is the owner of three shares of the capital stock of the Wolf Creek Coal Co., of the par value of ten dollars per share, a corporation of the State of Delaware, engaged in business in the State of Pennsylvania, but it does not aver that the corporation had taken the steps, by the statutes required, to enable it lawfully to engage in business in Pennsylvania.   The bill avers that the company owned property in Pennsylvania, but does not aver that all its property is situated here or that its principal business is carried on in this State.   It avers that at "the pretended election of officers of the

said company......on January 22nd, 1918, the said defendants claim to have been elected as directors and officers of the said company, and ever since the said twenty-second day of January, 1918, have assumed to act as such and have taken full charge and management of the affairs of the said company, the said Henry R. Lathrop acting as president, and the said Maxwell D. Lathrop as treasurer thereof"; that at the time defendants assumed control of the corporation the affairs of the company were in a prosperous condition and its operations ought to have resulted in large profits; that the said defendants, as officers of the company, had misappropriated the funds of the corporation and had voted and paid to themselves large and exorbitant salaries as officers of the company; that they had failed to pay the taxes due the government of the United States; that they had contracted large bills for machinery, materials and supplies and had failed to pay the same, and that a petition in involuntary bankruptcy had been filed against the company, on June 9, 1919. The bill prayed that the interest of the plaintiff in and to the said shares of stock in the company be declared; that the defendants be required to render a complete and detailed account of their management of the affairs of the said company; that they be required to account for and repay the moneys of the company misappropriated; and that they be required to repay to the said company the excess salaries voted and paid to them, as officers of the company.

Defendants demurred to the bill upon two grounds: "1. That the court was without jurisdiction for the reason that it is a stockholder's bill of and concerning internal management of a foreign corporation, organized under the laws of the State of Delaware." "2. That under the averments of the bill the Wolf Creek Coal Co. was a party essentially interested and should have been made a party to the bill." If the plaintiff's prayers for relief were to be granted, it could only be after a thorough investigation of the internal management of the

Wolf Creek Coal Co. The first prayer would require the court to inquire into the standing of this plaintiff as a stockholder of the Wolf Creek Coal Co.; this being the case it is manifest that the Wolf Creek Coal Co. ought to have been made a party to the bill.

The bill sets up a case of fraud against the company which affects the plaintiff solely in his capacity as a stockholder, in common with all other stockholders. "Where the act complained of in a stockholder's bill affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholder's meeting or through its agents, the board of directors, such action is the management of the internal affairs of the corporation; and in case of a foreign corporation the courts of Pennsylvania will not take jurisdiction": Madden v. Electric Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 250. This class of cases is entirely distinct from that in which a foreign corporation becomes the actor in a proceeding to recover for losses which have been sustained by the corporation by reason of the fraudulent acts of former officers; the latter not being an interference with the internal management of the corporation: Loan Society v. Eavenson, 241 Pa. 65. The facts averred by the bill in the present case clearly disclose that the plaintiff is seeking to interfere with the internal management of a foreign corporation; in order to do this he must seek his redress in the domicile of the corporation. The reasons in support of this rule, and the facts which bring any case within its operation have been so clearly stated in the very recent opinion of Mr. Justice SCHAFFER, in Thompson v. South Connellsville Coke Co., 269 Pa. 500, that it is entirely unnecessary to here attempt to restate them. The court did not err in sustaining the demurrer.

The decree is affirmed and the appeal dismissed at cost of the appellant.