THOMAS F. POWELL, as President of Local Union 299 of the City of White Plains, et al., Respondents, *v.* UNITED ASSOCIATION OF PLUMBERS AND STEAMFITTERS OF UNITED STATES AND CANADA, Appellant.

*Corporations — injunction — courts reluctant to interfere by injunction with internal management of foreign corporation — when permanent relief should wait upon exhaustion of remedy within corporation.*

1. Courts are reluctant to interfere by injunction in controversies that touch the internal management of foreign corporations. Their reluctance may be overcome by the presence of some urgent need, but relief is seldom, if ever, to be extended beyond the call of the emergency.

2. The threatened disruption of local unions, functioning within the State, make it proper, so far as an injunction can avail, to preserve the *status quo* pending appeal to the convention. but relief beyond that time, if granted at all, should wait upon the exhaustion of the remedy within the corporation and the result of the appeal.

*Powell* v. *United Assn. of Plumbers, etc.*, 211 App. Div. 810, affirmed.

(Argued April 7, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 28, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Sydney A. Syme* for appellant.
*Humphrey J. Lynch* for respondents.

*Per Curiam.* The complaint, read in its entirety, exhibits a cause of action to stay the enforcement of the defendant's resolution consolidating the local unions during the pendency of the appeal already taken by the plaintiffs to the convention of the members.

The judgment goes farther, and upon a finding that the resolution was passed in violation of the constitution and the by-laws, declares it illegal and restrains its enforcement forever.

Courts are reluctant to interfere by injunction in controversies that touch the internal management of foreign corporations (*Sauerbrunn* v. *Hartford Life Ins.*

*Co.*, 220 N. Y. 363; *Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259, 263; *Kimball* v. *St. Louis & S. F. Ry. Co.*, 157 Mass. 7, 8). Their reluctance may be overcome by the presence of some urgent need, but relief is seldom, if ever, to be extended beyond the call of the emergency. The threatened disruption of local unions, functioning within the State, made it proper, so far as an injunction could avail, to preserve the *status quo* pending appeal to the convention (*Matter of Brown* v. *Order of Foresters*, 176 N. Y. 132). Relief beyond that time, if granted at all, should wait upon the exhaustion of the remedy within the corporation and the result of the appeal (*Hickey* v. *Baine*, 195 Mass. 446, 452). If the merger is then annulled, resort to the courts will be unnecessary. If it is sustained, there will be need to consider the fitness of going farther and the curative effect of subsequent approval in respect of prior irregularities. Problems of this order are incapable of solution till, upon ascertainment of all the facts, they become definite and concrete.

The judgment of the Appellate Division and that of the Special Term should be modified by striking from the latter judgment the declaration that the resolution therein described and all acts thereunder are null and void, and by providing that the injunction shall continue until the determination by the convention of plaintiffs' appeal thereto, and as so modified the said judgments should be affirmed, with costs to the appellant.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments affirmed.