440

BOYER et al. v. TRAVELERS' PROTEC-
TIVE ASS'N OF AMERICA.
No. 5670.

Circuit Court of Appeals, Third Circuit.
Dec. 27, 1934.

Hirst & Mullaney and Thomas J. Mullaney, all of Philadelphia, Pa., for appellants.

Maurice W. Sloan, Sr., of Philadelphia, Pa., and Maurice P. Phillips, of St. Louis, Mo., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

Speaking of the parties as they stood in the court below, the defendant, a Missouri corporation, is a fraternal beneficial association without capital stock. It issues benefit certificates to its members, resident in "divisions" distributed among many states. It provides that the application for membership and the articles of incorporation, constitution, by-laws of the society and amendments thereto shall constitute an agreement between the member and the corporation and that any changes, additions or amendments duly enacted subsequently to the issuance of the benefit certificate shall bind the member and shall govern and control the agreement as though in effect at the time of admission. Apparently, these provisions accord with the statute of Missouri (section 6001, R. S. Mo. 1929 [Mo. St. Ann. § 6001, p. 4573]), the domicile of the corporation, which confers upon every such society power to make, alter and amend its constitution and by-laws in respect to the management of its affairs and the "fixing and readjusting of the rates of contribution of its members. * * *"

A. W. Boyer, and others, as individuals and officers of the Pennsylvania Division of the defendant corporation, instituted proceedings by a bill in equity in the District Court of the United States for the Eastern District of Pennsylvania alleging that the annual convention of the parent corporation, held in San Francisco in 1931, designated Atlantic City, New Jersey, as the place for holding the annual convention for the year 1932. In 1932 and also in 1933, because of economic conditions, no convention was held. In 1934 the parent corporation called a convention and issued notices for attendance of divisional delegates at St. Louis, Missouri, on a named date. The Pennsylvania Division refused to attend. The convention was held and at its meetings amendments to the constitution were adopted changing, as the plaintiffs say, to the disadvantage of members of the Pennsylvania Division and other divisions, the apportionment and distribution of annual dues of members between the parent corporation and its divisions. Regarding this action and all other actions of the convention held at St. Louis in 1934 as invalid because of alleged illegality of the convention in view of the last resolution (in 1931) which called for a convention at Atlantic City in 1932, the plaintiffs by their bill pray for injunctions, temporary and later permanent, restraining the parent corporation (a) from enforcing or attempting to enforce any amendments to the constitution adopted at that convention; (b) from bringing or prosecuting suit in any court in any state in the United States upon the bond of the treasurer of the Pennsylvania Division; and (c) from revoking the charter of the Pennsylvania Division or other state divisions on the refusal of the Pennsylvania or other state divisions to comply with the amendments to the constitution of the defendant adopted at that meeting or for refusing to recognize as validly elected the officers ostensibly elected at that meeting.

The District Court, on a motion to dismiss the bill, entered a decree refusing in-

junctive relief yet permitting the plaintiff to institute, without prejudice by its decision, like proceedings in the courts of the State of Missouri (which all parties regard as a decree dismissing the bill) on the theory that while certainly having jurisdiction of the defendant by reason of its general appearance and perhaps having jurisdiction of the subject matter of the action concurrently with courts of Missouri, it should be governed by, and should apply, the settled doctrine that a court—state or federal—sitting in one state will, as a general rule, decline to interfere with or control by injunction, or otherwise, the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of the domicile.

The plaintiffs, appealing, urge that the action of the defendant corporation complained of was not a matter of its internal affairs but was a corporate act affecting the plaintiffs' rights and therefore justiciable wherever the defendant is found, and that in consequence the reasoning of the learned trial court was at fault and its decree error.

What may constitute valid acts of the defendant Missouri corporation in respect to calling and holding a convention and to business there transacted are primarily matters controlled by the statute of that state, preferably to be interpreted by its courts. Section 6008, R. S. Mo. 1929 (Mo. St. Ann. § 6008, p. 4579); Section 5013, R. S. Mo. 1929 (Mo. St. Ann. § 5013, p. 2301). Corporate acts, with which courts of a foreign state will deal, and acts of a corporation in the management of its internal affairs, which such courts will leave alone, are sometimes difficult to distinguish. Management of internal affairs may be reflected in corporate acts yet remain internal affairs. The distinction usually arises when an act is done, or not done, under powers granted and limited by the corporation's charter or by a statute of the state of the incorporation, for instance, that the regular stockholders' meeting shall be held within the state which has granted the charter and that only at such meeting can the corporation amend its charter or by-laws. Such, clearly, is a corporate act whose validity depends on performance at the place prescribed and within the powers granted. But, seemingly, that distinction is of no importance in this case for the law of Mis-

souri (section 6008, R. S. Mo. 1929 [Mo. St. Ann. § 6008, p. 4579]) provides that: "Any domestic society may provide that the meetings of its legislative or governing body may be held in any state, district, province or territory wherein such society has subordinate branches, and all business transacted at such meetings shall be valid in all respects as if such meetings were held in this state. But its principal office shall be located in this state."

However that statutory provision may be interpreted by the courts of Missouri, which we regard as their province, and however they may determine the validity of the defendant's convention in 1934, and of the amendments to its constitution there adopted, it is clear that the matter with which the Supreme Court was dealing in Rogers v. Guaranty Trust Company, 288 U. S. 123, 53 S. Ct. 295, 298, 77 L. Ed. 652, 89 A. L. R. 720—issuing capital stock and selling it to directors and employees—was as much a corporate act, though reflecting managerial policy, as the action of the corporation in this case, however construed. That court re-stated and applied the doctrine on which the learned trial court refused to take jurisdiction, and recognized that distant courts will generally leave controversies in respect to the management of the internal affairs of a corporation to the courts of the state of the domicile, saying:

"While the District Court had jurisdiction to adjudge the rights of the parties, it does not follow that it was bound to exert that power. Canada Malting Co. v. Paterson Co., 285 U. S. 413, 422, 52 S. Ct. 413, 76 L. Ed. 837, and authorities cited. It was free in the exercise of a sound discretion to decline to pass upon the merits of the controversy and to relegate plaintiff to an appropriate forum. Langnes v. Green, 282 U. S. 531, 535, 541, 51 S. Ct. 243, 75 L. Ed. 520; Heine v. New York Life Ins. Co. (C. C. A.) 50 F.(2d) 382. Obviously no definite rule of general application can be formulated by which it may be determined under what circumstances a court will assume jurisdiction of stockholders' suits relating to the conduct of internal affairs of foreign corporations. But it safely may be said that jurisdiction will be declined whenever considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of

the particular case. Cohn v. Mishkoff Costello Co., 256 N. Y. 102, 105, 175 N. E. 529; Travis v. Knox Terpezone Co., 215 N. Y. 259, 263, 109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387; Kimball v. St. Louis & S. F. Ry. Co. [157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250], supra."

Being of opinion that the learned trial court correctly found that this case falls within the law of the Rogers Case, the decree is

Affirmed.