## Kelly, Appellant, *v.* Brackenridge Brewing Company, Inc., et al.

Argued March 29, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Paul Ginsburg,* for appellant.

*James R. Orr,* with him *Louis M. Abramson* and *Morris L. Marcus,* for appellees.

PER CURIAM, April 22, 1935:

Plaintiff filed this shareholder's bill against the corporate defendant, a foreign corporation. He joined as additional defendants the latter's directors and all shareholders of the corporation's predecessor. The substance of the complaint is failure of the directors to institute

proceedings against the predecessor's shareholders to recover for alleged misrepresentations by the latter as to the amount of indebtedness of the prior corporation. These untrue statements were allegedly made during the course of negotiations which resulted in the present company's formation under a plan whereby it took over the entire assets of the old company and assumed all of its obligations. Defendants' preliminary objections were sustained and the bill dismissed. This appeal followed.

The questions here presented were raised and passed upon by this court in McCloskey v. Snowden, 212 Pa. 249. We there held that to grant relief such as plaintiff now seeks would be to interfere with the internal affairs and management of the company, and that in the case of a foreign corporation this would not be done. We are not disposed to depart from our previous holding. It is well established by our decisions that courts of equity of this Commonwealth may very properly refuse to exercise visitorial powers with respect to corporations organized under the laws of our sister states. The fact that the corporate defendant's principal place of business and its visible tangible property are within our borders is immaterial: Madden Electric Light Co., 181 Pa. 617.

The decree is affirmed at appellant's costs.