## Hopkins, Appellant, *v.* Great Western Fuse Company et al.

Argued October 2, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Elverton Hazlett Wicks,* for appellant.

*Elder W. Marshall,* with him *Reed, Smith, Shaw & McClay, H. P. Eberharter* and *Joseph D. Ripp,* for appellees.

OPINION BY MR. JUSTICE LINN, November 24, 1941:

This appeal is from an order sustaining a motion to dismiss the bill under the Act of March 5, 1925, P. L. 23, 12 PS section 672, for want of jurisdiction. Several

points are made but only one need be referred to. Plaintiff is a stockholder in Great Western Fuse Company, a corporation of Delaware, engaged in manufacturing and selling electrical fuses in Allegheny County, Pennsylvania. He has named as defendants the corporation and its three directors and officers, two of whom reside in Arizona. He charges that the directors, inter alia, made fraudulent use of their positions by payment of excessive and unearned salaries and other conduct alleged to be unlawful.

The bill prayed for relief as follows:

"(a) That said defendants be required to appear and answer this Bill of Complaint and that they fully set forth in said answer a true and correct copy of the contract dated on or about April 5, 1934, between defendant F. C. LaMar and the Great Western Fuse Company.

"(b) That said contract be required to be delivered up and cancelled.

"(c) That defendant F. C. LaMar be required to account and pay over to Great Western Fuse Company all sums of money received by him under and by virtue of said contract.

"(d) That said F. C. LaMar and E. A. LaMar be required to account and pay over to the Great Western Fuse Company the salaries illegally or unreasonably voted to themselves since January 10, 1938.

"(e) That the Court determine and fix proper and reasonable salaries to be paid to F. C. LaMar and E. A. LaMar.

"(f) That said F. C. LaMar and E. A. LaMar be required to account and pay over to the Great Western Fuse Company such amounts as they have illegally taken from said company for traveling expenses and entertainment expenses since January 10, 1938.

"(g) That defendants make full discovery of all facts relating to or pertaining to salaries, commissions, traveling expenses and other moneys received by F. C. LaMar and E. A. LaMar, his wife, and of all facts material to

a just determination of the issues of this suit and other questions arising from or depending upon the same.

"(h) Further relief."

The basis of the motion to dismiss is that the courts of this State decline to take jurisdiction over the management of the internal affairs of a foreign corporation. The case is directly within our decisions: *Madden v. Electric Light Company,* 181 Pa. 617, 37 A. 817; *Kelly v. Thomas,* 234 Pa. 419, 83 A. 307; *Kelly v. Brackenridge B. Co. Inc.,* 318 Pa. 254, 178 A. 487.*

Order affirmed at appellant's cost.

---

* See also, Business Corporation Law of May 5, 1933, P. L. 364, section 1001, 15 PS section 2852-1001, ". . . nothing in this act contained shall be construed to authorize this Commonwealth to regulate the organization or the internal affairs of such corporation."