### ASTON et al. v. O'CARROLL et al.
#### Civ. A. No. 2642.

District Court, M. D. Pennsylvania.
June 28, 1946.

J. Julius Levy, of Scranton, Pa., for plaintiffs.

W. J. Fitzgerald, J. Desmond Kennedy and Joseph P. Brennan, all of Scranton, Pa. and Milton, McNulty & Angelli, of Jersey City, N. J., for defendants.

LEAHY, District Judge.*

Plaintiffs are dissatisfied with the results of the annual meeting of defendant's stockholders. The prayer of the complaint is that the present directors be restrained from acting as such, that a new election for directors be held, under the supervision of the court, by the appointment of a master to conduct a new meeting of stockholders. In the interim, a receiver pendente lite is sought.

1. At this stage of the proceeding, defendant O'Carroll, a resident of Massachusetts, is beyond reach of process. A money judgment is sought against him. This action is brought under § 24 of the Judicial Code, 28 U.S.C.A. § 41; consequently, there is no jurisdiction over O'Carroll.

2. This court has jurisdiction to appoint a receiver for the defendant even though it is a New Jersey corporation; it was so decided by Judge Watson in Dallasega v. Victoria Amusement Enterprises, D.C., 43 F.Supp. 697. It is not a question of lack of power. Considerations of propriety and comity are the basis of the rule. Whether a court declines jurisdiction in a matter of this kind rests in discretion. See Langfelder v. Universal Laboratories, 293 N.Y. 200, 56 N.E.2d 550, 155 A.L.R. 1231. Where, as here, the reality of the situation shows that all the assets are located in Pennsylvania and the defendant company does almost entirely all of its business in Pennsylvania, such factors are persuasive against abandoning jurisdiction to the courts of the defendants' domicile for all purposes. Harr v. Pioneer Mechanical Corp., 2 Cir., 65 F.2d 332, certiorari denied 290 U.S. 673, 54 S.Ct. 92, 78 L. Ed. 581. But, here, the primary relief sought is a determination as to who are proper directors and was the last stockholders' meeting validly held. These questions are so manifestly concerned with the internal affairs of the defendant company that little room is left for argument. This court, like the state courts of Pennsylvania, does not exercise visitorial powers over foreign corporations under such circumstances. Hopkins v. Great Western Fuse Co., 343 Pa. 438, 22 A.2d 717; Kelly v. Brackenridge Brewing Co., 318 Pa. 254, 178 A. 487. Defendant is a New Jersey corporation and there is a New Jersey statute which specifically provides for summary review by the New Jersey state courts of meetings of stockholders in order to test the legality of any particular meeting or the election of any board of directors. See Rev.Statutes of New Jersey, Title 14:10–16, N.J.S.A.

However, the conclusion is not to dismiss the complaint because it fails to show on its face that this is a proper case

* Specially assigned.

for granting the relief sought. As the pivotal question involved is whether a legal board of directors exists and American is in a position to manage its own affairs, plaintiffs will be directed to have the meeting of stockholders and the recent election of directors reviewed by instituting apposite proceedings in the New Jersey court. If it should be determined by the Supreme Court of New Jersey that a board of directors does not now legally function because they were not validly elected, jurisdiction of this cause is retained; and a re-application may be made for the appointment of a receiver to wind up the affairs of American, if it later appears there is hopeless deadlock among the stockholders or there will exist a state of corporate paralysis because both factions of stockholders can not agree who shall manage the business. These questions may only be determined after the New Jersey proceedings.

In the interim, plaintiffs' motion for a temporary restraining order and defendant's motion to dismiss the complaint are denied. An order may be submitted.