## ELLSWORTH et al. v. CARR–CONSOL. BISCUIT CO. et al.
### No. 3754.

United States District Court
M. D. Pennsylvania.
May 12, 1950.

Roscoe B. Smith, Wilkes Barre, Pa., Arthur Silverblatt, Wilkes Barre, Pa., A. C. F. Kenowski, Scranton, Pa., Ellis A. Ballard, II, Chicago, Illinois, for plaintiffs.

Brown, Fox & Blumberg, Chicago, Ill., Alley, Cole, Grimes & Friedman, New York City, O'Malley, Harris, Harris & Warren, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is an action by Sherman Ellsworth, Walton L. Hampton and David G. Lubben, plaintiffs, against Carr-Consolidated Biscuit Company, an Illinois corporation, J. B. Carr, Leo W. White, James B. Post, W. C. Evans, John Doe and Hopkin T. Rowlands, defendants.

It is alleged in the Complaint that Ellsworth is a citizen of the State of Washington, Hampton is a citizen of the state of Kentucky, and Lubben is a citizen of the State of New Jersey; and it is alleged in the complaint that Carr-Consolidated Biscuit Company is a corporation of the State of Illinois; that Carr is a citizen of the State of Pennsylvania, that Post is a citizen of the State of Pennsylvania, that Evans is a citizen of the State of Illinois, that Doe is a citizen of the State of New York, and that Rowlands is a citizen of the State of Pennsylvania.

It is alleged in the complaint that the plaintiffs own, and have been for more than six months prior to May 9, 1950, actual bona fide owners and holders of approximately 7,650 shares of common stock of the Carr-Consolidated Biscuit Company, and that the plaintiffs are proxies and attorneys for shareholders owning approximately 375,000 shares of the common stock of the Carr-Consolidated Biscuit Company, with power to represent such shareholders at the annual meeting of shareholders of Carr-Consolidated Biscuit Company.

The complaint alleges that since January 1, 1947, the defendants, J. B. Carr, Leo W. White, W. C. Evans and James B. Post have been directors of the Carr-Consolidated Biscuit Company; that J. B. Carr is president of Carr-Consolidated Biscuit Company; that Leo W. White is secretary of Carr-Consolidated Biscuit Company; that J. B. Carr, James B. Post and W. C. Evans are proxies and attorneys designated by the Board of Directors of Carr-Consolidated Biscuit Company to represent the Management Proxy Committee; and that John Doe and Hopkin T. Rowlands are the designated tellers at the annual meeting of shareholders of Carr-Consolidated Biscuit Company which commenced May 9, 1950.

The complaint alleges certain facts as follows: that there are approximately 3,150 shareholders of Carr-Consolidated Biscuit Company owning approximately 769,000 outstanding shares of the company's stock with an approximate aggregate market value of $2,307,000 as of May 9, 1950; that, since January 1, 1947, the Carr-Consolidated Biscuit Company has incurred operating losses in excess of $4,500,000; that, since January 1, 1947, the market value of the shares of Carr-Consolidated Biscuit Company has decreased from $18.50 per share to approximately $3 per share; that the losses of Carr-Consolidated Biscuit Company were incurred during a period when its three largest competitors in the biscuit industry were enjoying profitable operations; that these conditions caused the formation of a Stockholders' Committee, composed of the three plaintiffs, for the purpose of soliciting proxies in order to replace the management of Carr-Consolidated Biscuit Company; that the Stockholders' Committee, composed of the three plaintiffs, filed its proxy soliciting material with the Securities and Exchange Commission and expended in excess of $10,000 in soliciting proxies; that the Stockholders' Committee, composed of the plaintiffs, received proxies from approximately two thousand shareholders for approximately 375,000 shares; that plaintiffs, or their agents, prior to the date scheduled for the annual meeting of the shareholders of Carr-Consolidated Biscuit Company made a written demand on Leo W. White, as Secretary of the Carr-Consolidated Biscuit Company, that tellers or judges of election designated by both management and the said Stockholders' Committee be appointed to work "in pairs"; that Carr-Consolidated Biscuit Company ignored this written demand; that, on May 8, 1950, the Board of Directors of Carr-Consolidated Biscuit Company passed a By-Law providing for the appointment of tellers of election, the by-laws having been silent on this matter prior to May 8, 1950; that the annual meeting of stockholders of the Carr-Consolidated Biscuit Company convened on May 9, 1950 at 10:00 o'clock a. m. at 188 North Pennsylvania Avenue, Wilkes Barre, Pennsylvania, at which time the chairman of the meeting, J. B. Carr, called for all proxies to be filed with the Secretary of the Carr-Consolidated Biscuit Company, Leo W. White; and that the plaintiffs complied by delivering proxies representing approximately 375,000 shares; that, at the meeting, plaintiffs demanded permission to designate tellers or election judges or watchers to be appointed to assist in counting proxies or to observe the counting; that this demand was refused; that all proxies were then taken into a closed room, into which plaintiffs and their agents were not given access; and that the meeting was then adjourned for the purpose of counting proxies.

The plaintiffs in their complaint pray for relief as follows: "(1) Pending the final determination of the subject matter hereof and inasmuch as the matter is urgent

and does not admit of a motion for a Preliminary Injunction that a temporary Restraining Order may issue enjoining the said Defendants and their agents and employees from voting any proxies obtained by them for the election of Directors of Defendant Company at the annual Stockholders Meeting, adjourned to May 10th, 1950, or at any subsequent adjournment thereof, and that said Defendants be restrained from holding any election of Directors thereat, and that John Doe and Hopkin T. Rowlands be restrained from counting any proxies thereat or until further Order of this Court.

"(2). Such other and further relief as may be just and equitable in the premises."

Counsel for the defendants moved to dismiss the complaint on the grounds that this Court lacked jurisdiction to interfere with the internal affairs of a foreign corporation, and that there was no irreparable damage to the plaintiffs in the procedure being employed in counting proxies.

After hearing arguments of counsel, the Court filed an order restraining J. B. Carr and Leo W. White, President and Secretary of Carr-Consolidated Biscuit Company, respectively, J. B. Carr, James B. Post and W. C. Evans, proxies and attorneys of Carr-Consolidated Biscuit Company, and John Doe and Hopkin T. Rowlands, tellers, from voting any proxies obtained by them for the election of directors of Carr-Consolidated Biscuit Company at the annual stockholders' meeting, adjourned to May 10, 1950, or at any subsequent adjournment thereof, restraining said persons from holding any election of directors thereat; and restraining John Doe and Hopkin T. Rowlands from counting any proxies thereat or until further order of this Court.

It was obvious that the parties would not come to any agreement as to the procedure to be followed at the annual stockholders' meeting of the Carr-Consolidated Biscuit Company. The temporary Restraining Order was issued in order that the matter in controversy might remain in Status Quo pending a full examination by the Court of the complaint, and of the legal questions involved.

■ A careful examination of the complaint reveals that the only matter in controversy is the right of the plaintiffs to have proxy counters or proxy examiners or tellers of their own selection appointed by the management. The complaint does not aver any fraud or wrongdoing on the part of the defendants, nor has any authority been called to the Court's attention from which the Court might find that the defendants acted illegally. The complaint contains no prayer that the Court direct the defendants, or any of them, to comply with plaintiffs request for the appointment of tellers or proxy counters or proxy examiners of their selection. The prayer of the complaint is for a temporary restraining order restraining the holding of any election of directors and the counting of proxies at the annual meeting of Carr-Consolidated Biscuit Company, and for such other relief as may be just and equitable. It is clear that such an injunction could not benefit the plaintiffs, if their object is as stated in the complaint, to replace the incumbent, incompetent management of defendant Company with experienced, competent and aggressive managing directors and officers. The present directors and management of defendant Company will undoubtedly remain until their successors are duly elected and qualified. There is nothing in the complaint, or before this Court, which establishes that an order by this Court directing the defendants, or any of them, to appoint tellers, proxy counters, or proxy examiners, to be selected by the plaintiffs would be proper at this time.

While the foregoing is the view of this Court, there is another question which must be controlling here, and that is, whether this Court should take jurisdiction in this case.

■ Where the Act complained of affects the complainant solely in his capacity as a member of the corporation, in this case a stockholder, and is the act of the corporation, in this case acting in stock-

holders' meeting, then such action is the management of the internal affairs of the corporation. It may not be in all cases easy to draw a clear line of distinction between the acts of a corporation relative to its internal management and those which are not, but that is not true here. The acts here complained of are clearly and definitely acts of a corporation relating to its internal management.

■ In Rogers v. Guaranty Trust Company of New York, et al., 1933, 288 U.S. 123, 130, 53 S.Ct. 295, 297, 77 L.Ed. 652, 89 A.L.R. 720, it was said by Mr. Justice Butler,: "It has long been settled doctrine that a court—state or federal—sitting in one state will, as a general rule, decline to interfere with, or control by injunction or otherwise, the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of the domicile. Wallace v. Motor Products Corp., 6 Cir., 25 F.2d 655, 658; Chicago Title & Trust Co. v. Newman, 7 Cir., 187 F. 573, 576; Eberhard v. Northwestern Mutual Life Ins. Co., D.C., 210 F. 520, 522; Powell v. United Association, 240 N. Y. 616, 148 N.E. 728; Sauerbrunn v. Hartford Life Ins. Co., 220 N.Y. 363, 371, 115 N.E. 1001; Jackson v. Hooper, 76 N. J.Eq. 592, 604, 75 A. 568, 27 L.R.A., N.S., 658; Guilford v. Western Union Telegraph Co., 59 Minn. 332, 340, 61 N.W. 324, 50 Am.St.Rep. 407; Kimball v. St. Louis & S. F. Ry. Co., 157 Mass. 7, 31 N.E. 697, 34 Am.St.Rep. 250; Hogue v. American Steel Foundries, 247 Pa. 12, 15, 92 A. 1073; Babcock v. Farwell, 245 Ill. 14, 33 et seq., 91 N.E. 683, 137 Am.St. Rep. 284, 19 Ann.Cas. 74; Clark v. Mutual Reserve Fund Life Association, 14 App.D.C. 154, 179, 180, 43 L.R.A. 390; North State Copper & Gold Mining Co. v. Field, 64 Md. 151, 20 A. 1039. Cf. Burnrite Coal Briquette Co. v. Riggs, 274 U. S. 208, 212, 213, 47 S.Ct. 578, 71 L.Ed. 1002."

In Overfield v. Pennroad Corporation et al., 3 Cir., 1940, 113 F.2d 6, 11; Jones, Circuit Judge, said: "Concededly, a Penn-

sylvania court of equity will not entertain jurisdiction of a stockholder's suit involving the management of the internal affairs of a foreign corporation but will leave such matters to the jurisdiction of a court of the corporation's domicile. That such is the Pennsylvania rule admits of no dispute."

In this district, in Aston et al. v. O'Carroll et al., D.C.1946, 66 F.Supp. 585, 586, Judge Leahy, in the opinion, said: "The primary relief sought is a determination as to who are proper directors and was the last stockholders' meeting validly held. These questions are so manifestly concerned with the internal affairs of the defendant company that little room is left for argument. This court, like the state courts of Pennsylvania, does not exercise visitorial powers over foreign corporations under such circumstances. Hopkins v. Great Western Fuse Co., 343 Pa. 438, 22 A.2d 717; Kelly v. Brackenridge Brewing Co., 318 Pa. 254, 178 A. 487."

The plaintiffs rely principally on the case of Williams et al. v. Green Bay & Western Railroad Co., 1946, 326 U.S. 549, 66 S.Ct. 284, 287, 90 L.Ed. 311, in support of their contention that this Court has jurisdiction of this cause. The Williams case is certainly not controlling here. The suit was brought in the Williams case against the Green Bay & Western Railroad Co. to recover amounts alleged to be due and payable under debentures out of earnings. That, of course, is not this case, and, in the Williams case, the Supreme Court in the opinion said: "The nature of the problem presented and the relief sought might be of controlling significance in inducing the federal court in New York to remit the parties to Wisconsin."

I have carefully considered the cases cited by plaintiffs in their brief. The facts in those cases differ from those in the present case, and the conclusions reached are not inconsistent with the conclusion as to jurisdiction reached in this case.

For the reasons set forth in this opinion, the temporary restraining order is-

sued on the 10th day of May, 1950 will be dissolved, and the action will be dismissed.

Now, May 12, 1950, the temporary restraining order issued in this case on the 10th day of May, 1950 is dissolved, defendants' motion to dismiss the action is sustained, and the action is dismissed.