**ALLEN et al. v. PYRENE MFG. CO. et al.**

Civ. No. 263.

United States District Court
D. New Jersey.
April 13, 1953.

Crummy & Consodine and Andrew B. Crummy, Newark, N. J., R. Morton Adams, New York City, for plaintiffs.

Toner, Crowley, Woelper & Vanderbilt, Marshall Crowley, Newark, N. J., Lehman, Goldmark & Rohrlich, and Chester Rohrlich, New York City, for defendant Pyrene Mfg. Co.

Wilentz, Goldman, Spitzer & Sills and David T. Wilentz, Perth Amboy, N. J., for defendants Pyro, Inc., Solomon R. Baker and Chester Rohrlich.

MODARELLI, District Judge.

An action was filed by plaintiffs on March 25, 1953, seeking specific performance of an agreement between Pyrene Manufacturing Company and Scott E. Allen

and Maynard A. Laswell, an accounting, and injunction.

On March 25, 1953, a temporary restraining order issued enjoining defendants "from changing the status quo by voting at any stockholders' or Board of Directors' meeting of C-O Two Fire Equipment Company upon any matter which would change the status or composition of the officers or members of the Board of Directors" and from voting "on any matter out of normal. or ordinary course of business" of C-O Two Fire Equipment Company. Pursuant to the hearing of April 6, 1953, this court is faced with the issue of whether a preliminary injunction should issue preserving the status quo during the pendency of the main action.

The agreement of May 3, 1939, upon which the complaint is based, was entered into by Pyrene Manufacturing Company through the president and vice-president-secretary. By it, that corporation agreed not to sell any of the shares of C-O Two Fire Equipment Company. stock held by Pyrene without first offering same to the other signatories of the agreement, Mr. Allen and Mr. Laswell. The Pyrene Company holds 65,000 shares of common voting stock of C-O Two, that amount representing a majority of the outstanding shares.

During the year 1952, Solomon R. Baker, one of the defendants to this action, negotiated for the purchase of large blocks of Pyrene voting stock. He effected the formation of Pyro, Incorporated, a Delaware corporation, for the purpose of acquiring Pyrene shares. On July 2, 1952, Pyro made its first purchases at $19 a share. By August 1, 1952, Pyro had acquired a majority of the voting shares of Pyrene and now owns a total of 98,765 shares of stock. In addition, the individual defendants each own 100 shares. The Board of Directors of Pyrene consists of nine individuals, five of whom are apparently friendly to defendants and four of whom are apparently friendly to plaintiffs. As Pyrene owns the controlling interest in C-O Two, the former is in a position to control the composition of the Board of C-O Two, subject to the protection afforded minority shareholders through cumulative voting rights.

■ Certain it is that the contract of May 3, 1939, could not serve to prevent individuals from purchasing shares of Pyrene stock, particularly in view of the fact that Pyrene stock is listed and traded on the American Stock Exchange. The parties to that contract were in no position to exert, by their own plan, control of the free exchange of these listed securities. At the most, that contract could hope only to restrict the manner in which the signators sold their holdings of C-O Two stock, and no evidence has been proffered which indicates directly or by implication that the majority of the Board of Pyrene now intends to sell any of its holdings in the C-O Two Fire Equipment Company. Even if we grant arguendo that the contract prevents the present Board of Pyrene from selling C-O Two shares, and the court does not reach this question, no showing has been made that the defendants have so done or intend to so do.

The court notes that the plaintiffs were cognizant of the defendants' activity in gaining control of Pyrene for better than seven months prior to the filing date of this suit. But plaintiffs waited just two days before the contract of May 3, 1939, expired by its own terms and just twenty days before the annual shareholders' meeting of C-O Two to file their complaint seeking to enjoin the ordinary routine of electing a board of directors for that corporation. The relief sought is extraordinary. It seeks to prevent the majority from exerting its legal right to manage the activities of C-O Two. No bond was posted, as required under Rule 65(c), Fed.Rules Civ.Proc., 28 U.S.C.A., by plaintiffs to protect defendants against damages they might incur. Under these circumstances the court is extremely reluctant to exercise visitorial power over the corporations involved.

■■ The burden is upon the plaintiffs to show a clear right to injunctive relief Chase v. Rieve, D.C.S.D.N.Y.1950, 90 F. Supp. 184; Vergas v. Shaughnessy, D.C. S.D.N.Y.1951, 97 F.Supp. 335. Irreparable injury must be shown if the injunction is not granted. Sims v. Greene, 3 Cir., 1947, 161 F.2d 87. See also Eutectic Welding Alloys Corp. v. Zeisel, D.C.N.J.1950, 11 F.R.D.

78; Anderson-Friberg v. Justin R. Clary & Son, D.C.S.D.N.Y.1951, 98 F.Supp. 75, 82. No such clear right or possibility of irreparable injury has been shown.

The court notes the case of Jackson v. Hooper, E. & A.1910, 76 N.J.Eq. 592, 75 A. 568, 27 L.R.A.,N.S., 658 relied on by defendants for the proposition that this court cannot by injunction regulate the management of the internal affairs of a foreign corporation. The Supreme Court of the United States in Rogers v. Guaranty Trust Co., 1933, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652 voiced this philosophy. The court is not prepared on the basis of the affidavits and briefs heretofore presented to decide this question. If this point is to be presented in the main action, it is expected that briefs will be submitted, and it is recommended that the following cases be considered: Ellsworth v. Carr-Consol Biscuit Co., D.C.M.D.Pa.1950, 90 F.Supp. 586; Mayflower Hotel Stockholders Committee v. Mayflower Hotel Corp., 1951, 89 U.S. App.D.C. 171, 193 F.2d 666.

An order will be submitted dissolving the temporary restraining order and denying plaintiffs' request for a preliminary injunction.