Morris E. Spector, J.
This is a motion to restrain defendants and their agents from interfering with the convening and holding of a special meeting of stockholders of defendant corporation duly called for September 12, 1957.
The plaintiffs are stockholders of defendant Loew’s Incorporated. They are suing in behalf of themselves and all other stockholders of said corporation.
Mr. Joseph E. Vogel, president of defendant corporation, on July 12, 1957, called a special meeting of stockholders for September 12, 1957, for the purpose of (1) filling vacancies created by the resignations of the directors; (2) to remove Tomlinson and Meyer for conduct inimical to the office of directors and, if so removed, to fill these vacancies; (3) to amend the by-laws so as to enlarge the board of directors from 13 to 19 and, if so amended, to elect such new directors.
On July 30, 1957, at a special directors’ meeting held pursuant to the request of two so-called rebel directors, at which only five directors were present and, accordingly, illegally held, for it lacked a quorum, as contended by plaintiffs, the directors took certain action which attempted to countermand acts of the president; proceeded to elect new directors, curtailed the authority of the president and retained special legal counsel to the corporate defendant.
There can be no doubt that there are two factions on the board and that there is an internecine war going on for control of the corporation.
The plaintiffs contend that the action of the directors at this meeting, which sought to cancel this call for a special stockholders’ meeting for September 12, 1957, is illegal for reasons above stated and contrary to the by-laws of the corporation which give specific authority to the president to call such a meeting, if so advised.
This motion would have been granted on default and upon consent of the defendant corporation.
The dissident or so-called rump faction refused to appear although notified of the hearing by telegram, although their special counsel and advisor elected by them at this rump meeting, appeared in court throughout the hearing. He even addressed the court, although refusing to state whom he represented and in what capacity he was appearing.
The defendant corporation duly appeared by counsel and urged the granting of this motion.
However, a stockholder, owner of 100 shares of 5,336,707 shares outstanding, appeared at the hearing and sought to intervene. He was welcomed by the court, the plaintiffs and *918 the corporate defendant. However, I feel that the court has been imposed upon, for it is quite apparent that he is a tool of the rebel group and whereas the rebel group refused to come forward and present their views and objections to the court, for strategic purposes,, they succeeded in accomplishing their object by producing this lonely stockholder.
The objection to the granting of this relief raised by the intervener stockholder was that this court lacked jurisdiction as its actions would constitute interference with and regulation of the internal affairs and management of a foreign corporation. The objection is ill founded. The cases cited are inapposite.
The court is not being called upon to determine whether the directors elected at this rump session were legally and properly elected. The court is not being called upon to determine whether the other actions voted upon at this session were legal or were for the best interest of the corporation.
It is not even suggested that the president was without authority in calling this special stockholders’ meeting.
In this State there are 7,966 resident owners of 3,328,295 shares of this defendant corporation or about 62.4% of all the stock of the corporation. An 18-story office building in this city is devoted to supplying space for officers and employees of this corporation. Most all directors’ meetings are held in this city.
All that the court is being called upon is to restrain dissidents from interfering with a duly called special stockholders’ meeting. The corporate defendant itself joins in this request. The corporate defendant does not raise this jurisdictional objection. It is a basic property right of stockholders to call stockholders’ meetings and to select directors. Apparently there are a minimum of four directors to be elected. Maybe six directors will be elected and if it is voted to enlarge the board, maybe six additional directors will be elected. This is a matter of such moment, that the shareholders themselves should be the ones to elect the directors and not their agents, to wit, the board of directors. The true corporate owners should not be deprived of the right to determine basic corporate policy. (Matter of Auer v. Dressel, 306 N. Y. 427; Powell v. United Assn. of Plumbers & Steamfitters, 240 N. Y. 616.)
This court should not decline to take jurisdiction in a matter of such basic right affecting the interests of so many of its citizens.
Accordingly it is hereby directed that a temporary injunction be issued restraining the defendant corporation, its directors *919 and any and all of its agents from, in any wise, interfering with, hindering or obstructing the convening and holding of the duly scheduled special stockholders’ meeting for September 12, 1957, or any of the business noticed to be transacted at said meeting.
Settle order.