**WEISSBARD et al. v. COTY, Inc.**
No. 5029.

Circuit Court of Appeals, Third Circuit.
Aug. 8, 1933.

Grosman & Grosman, of Newark, N. J. (Robert D. Grosman, of Newark, N. J., of counsel), for appellants.

Lionel P. Kristeller, of Newark, N. J. (Coudert Brothers, of New York City, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the court below granted a preliminary injunction, pending final hearing, enjoining the defendant from selling, in the way complained of, face powder manufactured by the plaintiff. The granting or withholding of such preliminary injunction was a matter that involved the exercise of discretion. On the one hand, the defendant was forbidden to sell a merchandise article. On the other hand, if it did do so, there was alleged danger of the plaintiff's good name and the honesty of advertisement made at large cost being falsified, and the building up for years of good will being impaired. In that situation, the court felt that, if the plaintiff was entitled to relief on final hearing, there was no way of estimating, measuring or collecting the interim damage done by the defendant. On the other hand, the giving of an indemnity bond by the plaintiff would protect the defendant from the sales it lost pending final hearing. The court chose the latter method, and we cannot say it was an abuse of its discretion. In so holding, it will be understood we are expressing no view on the merits of the case. That can better be determined on final hearing. Moreover, we have not overlooked 264 U. S. 359, 369, 44 S. Ct. 350, 68 L. Ed. 731. But that case, as the court took occasion to say, was not a suit for unfair competition, which the present case, inter alia, is.

In view of the fact that the plaintiff, having now obtained an injunction pending final hearing, may be tempted to delay the vigorous prosecution of its action, we will, while affirming the action of the court below, retain jurisdiction in this case for the purpose of allowing the defendant, in case the plaintiff fails to complete its testimony for final hearing within ninety days from the going down of the mandate, to apply to this court for a vacation of the preliminary injunction granted by the court below and now affirmed by this court. The mandate will be sent down forthwith.