## G. F. HEUBLEIN & BRO. v. BUSHMILL WINE & PRODUCTS CO. et al.

### No. 595 Civ.

District Court, M. D. Pennsylvania.

June 28, 1941.

550

Clarence P. Goldberg and Clarence G. Campbell, both of New York City, and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

Beekman Aitken, of New York City, and Donahoe & Helriegel, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This suit was instituted by G. F. Heublein and Brother, against the Bushmill Wine and Products Company, and the Brookside Distilling Products Corporation, to obtain an injunction restraining the defendant from infringing upon the rights of the plaintiff in the trade-mark "Old Raven", using it in any manner, or otherwise competing unfairly with the plaintiff. The plaintiff prayed for further relief in the form of an accounting for damages to the plaintiff and profits of the defendant as a result of the defendant's use of the trademark "Old Raven". Other relief, auxiliary to the injunctive relief, was also sought.

Defendant answered, denying the material allegations of the complaint, and counterclaiming against G. F. Heublein and Brother, to obtain an injunction restraining the plaintiff from infringing upon the rights of the defendant in the trade-marks "Old Raven" and "Raven Run", using them in any manner, or otherwise competing unfairly with the defendant. The defendant prayed for further relief in the form of an assessment for damages done to the defendant by the plaintiff as a result of the plaintiff's use of the trade-mark "Old Raven". Other relief, auxiliary to the injunctive relief, was also sought.

Plaintiff moved for a preliminary injunction, pending final determination on the merits of the case. Affidavits were filed in support of and in opposition to this motion, and after hearing argument in open court, the motion is now before this court for decision.

Plaintiff contends that, except during prohibition years, it has continuously used the trade-mark "Old Raven" since 1905; that the product for which this name was adopted has always been a quality product; that because of a scarcity of quality whiskey immediately following repeal, it was not practical to resume manufacture of this quality product until 1939; that it then registered the trade-mark in the United States Patent Office, and that a certificate was granted therefor in December, 1939; that since that time it has continuously sold large quantities of this product throughout the United States; that it had no knowledge of the defendant's use of the trade-mark "Old Raven" until advised by the Pennsylvania Liquor Control Board on August 22, 1940; that it had no knowledge of the defendant's use of the trade-mark "Raven Run" until advised by Mida's Research Bureau on February 8, 1940; that it never consented to the use by defendant of either trade-mark; and that promptly after receiving knowledge of defendant's use of these trade-marks, it took the necessary steps to protect its rights.

Defendant contends that it adopted the trade-mark "Raven Run" in February, 1934, after a careful search of the records of the Patent Office and current liquor publications disclosed no prior use; that it has used this trade-mark continuously since that time; that rye whiskey under this brand name has been sold to the Pennsylvania Liquor Control Board in the last six years to the extent of almost $500,000; that defendant first used the trade-mark "Old

Raven" in July, 1937; that this name was chosen to confer on defendant's corn whiskey the good will established in Pennsylvania by the defendant's trade-mark "Raven Run"; that since 1937 defendant has used the trade-mark "Old Raven" for corn whiskey; that in the last three years corn whiskey bearing this trade-name has been sold to the Pennsylvania Liquor Control Board, where it is specially listed, to the extent of almost $2,500; that both "Raven Run" and "Old Raven" were registered as trade-marks with the Secretary of the Commonwealth of Pennsylvania on September 24, 1940; and that by reason of the foregoing, defendant has the exclusive right in Pennsylvania to use the trade-marks "Old Raven" and "Raven Run". Defendant further avers extensive sales and advertising expenses during the past six years in connection with the sale of its products in Pennsylvania.

The granting or withholding of a preliminary injunction is within the discretion of the court depending upon the special circumstances of each case. A preliminary injunction should be issued only where the proof is clear or undisputed or where withholding the preliminary injunction clearly would be more damaging to the moving party than to the defendant in the motion. G. G. White Co. v. Miller et al., C.C., 50 F. 277; Weissbard et al. v. Coty, Inc., 3 Cir., 66 F.2d 559; Selchow & Righter Co. v. Western Printing & Lithographing Co. et al., 7 Cir., 112 F.2d 430; Tanqueray Gordon & Co., Ltd. v. Gordon, D.C., 10 F.Supp. 852; Coty, Inc. v. Parfums De Grande Luxe, Inc., et al., 2 Cir., 298 F. 865. No such situation exists in the present case.

Plaintiff has not established a clear case entitling it to a preliminary injunction. There are disputes of material facts concerning knowledge and use of the respective parties, which cannot be resolved until the court hears the witnesses who will be produced at final hearing. Further, it does appear that since repeal of the 18th amendment, defendant is the only party who has sold and still is selling liquor to the Pennsylvania Liquor Control Board under the names "Old Raven" and "Raven Run", and was for almost six years after repeal the only party who attempted to sell and distribute liquor under those names in Pennsylvania. From these facts it is clear that the granting of a preliminary injunction would be more damaging to the de-

fendant in the motion than to the moving party. Further, the granting of a preliminary injunction would disrupt the status quo, whereas the function of a preliminary injunction is to maintain the status quo. If violations of plaintiff's trade-mark "Old Raven" exist, and continue, plaintiff will receive proper recovery therefor on final hearing. Fratelli Branca & Co., Inc. v. Pagliaro, D.C., 36 F.Supp. 344.

For the above reasons, and after a careful study of the voluminous records, briefs and affidavits submitted, it is now ordered that the motion for a preliminary injunction is hereby refused and denied.

It is further ordered that plaintiff answer that portion of the defendant's answer marked "Counterclaim" within twenty days after receiving a copy of this order.