**SIMS v. GREENE.**
No. 9371.

Circuit Court of Appeals, Third Circuit.
Argued April 7, 1947.

Decided April 21, 1947.

C. Russell Phillips, of Philadelphia, Pa. (Sidney L. Wickenhaner, Albert J. Schneider, Montgomery, McCracken, Walker & Rhoads and Raymond Pace Alexander, all of Philadelphia, Pa., on the brief), for appellant.

Walter A. Gay, of Philadelphia, Pa. (Gerald A. Gleeson, of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH, and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

Many of the facts pertinent to the present appeal are stated in our opinion in Sims v. Greene, 3 Cir., 160 F.2d 512, and need not be repeated here. It is sufficient to state that following our reversal of the temporary restraining order or injunction originally issued by the court below on December 2, 1946, and after the remand of the case the learned trial judge on March 12, 1947, entered a preliminary injunction in form and effect substantially identical with the temporary restraining order or injunction disposed of by this court on the prior appeal. At or about the same time the court below filed findings of fact and conclusions of law. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Greene appealed from the order of March 12. We granted supersedeas and set the appeal down for argument on April 7, specifically directing the District Court to proceed to hear the case pending the disposition of the appeal.

We conclude that the preliminary injunction must be set aside. There are several reasons for our conclusion. The preliminary injunction was issued on the identical record which was before this court on the prior appeal. The allegations of the pleadings and affidavits filed in the cause are conflicting. Such conflicts must be resolved by oral testimony since only by hearing the witnesses and observing their demeanor on the stand can the trier of fact determine the veracity of the allegations made by the respective parties. If witnesses are not heard the trial court will be left in the position of preferring one piece of paper to another. Greene was given no opportunity to present oral testimony on his behalf except for one witness [1] whose testimony was immaterial to any issue presented by the pleading. Sims insists that Greene was permitted to offer in evidence certain documents material to the issue but an examination of the record indicates that these documents, at least the most important of them,[2] were read into the record by Greene's counsel in his protracted cross-examination of Sims. Questions asked by counsel are not evidence. The truth of the matter is that Greene was given no fair opportunity to present testimony prior to the issuance of the preliminary injunction.

The issuance of a preliminary injunction under such circumstances is contrary not only to the Rules of Civil Procedure but also to the spirit which imbues our judicial tribunals prohibiting decision without hearing. Rule 65(a) provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies an opportunity to be heard. Hearing [3] requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy. It should be pointed out also that subsection (b) of Rule 65 provides that a motion for a preliminary injunction "shall be set down for *hearing* [4] * * *" and speaks of the motion coming on for "hearing".

---

[1] Judge Fred A. Isgrig. His testimony need not be repeated here.

[2] For example, the call for an extra session of the General Conference.

[3] At common law, the word "Hearing" meant the trial of a chancery suit. See 1 Bouv.Law Dict., Rawle's Third Revision, p. 1429.

[4] Emphasis added.

It is also pertinent to observe that the predecessor to Rule 65 was Equity Rule 73, 28 U.S.C.A. § 723 Appendix, and that this rule was copied in haec verba from Section 17 of the Clayton Act, 28 U.S.C.A. § 381. It has never been supposed that a temporary injunction could issue under the Clayton Act without giving the party against whom the injunction was sought an opportunity to present evidence on his behalf. The theory of Rule 65, of Equity Rule 73, and of Section 17 of the Clayton Act, is that the trial judge may issue a temporary restraining order if he thinks it necessary to preserve the status quo; that the order may endure for twenty days but for no longer without the consent of the party against whom it issued; that within the twenty day period, which affords the opportunity for hearing, such facts must be presented to the court as will justify the tribunal, in the exercise of its sound legal discretion, to issue a preliminary injunction.

If anything more was required to indicate with certainty that a preliminary injunction may not issue without giving the party sought to be enjoined an opportunity to present evidence on his behalf, it is furnished by the provisions of Rule 52(a) which requires the court, in all actions "tried upon the facts without a jury" to state separately its conclusions of law and "in granting or refusing interlocutory injunctions" "similarly [to] set forth the findings of fact and conclusions of law which constitute the grounds of its action." The conclusion is inescapable that since a district court is required by the rule to make findings of fact, the findings must be based on something more than a one-sided presentation of the evidence. Finding facts requires the exercise by an impartial tribunal of its function of weighing and appraising evidence offered, not by one party to the controversy alone, but by both. A helpful analogy is supplied by the Pennsylvania law. See Varzaly v. Yuhasz, 128 Pa. Super. 314, 318, 193 A. 63. It is appropriate to point out also that after evidence has been presented by both sides an opportunity must also be afforded to both sides to argue the effect of that evidence to the court. Cf. Morgan v. United States, 304 U.S. 1, 58 S. Ct. 773, 999, 82 L.Ed. 1129. Since Greene was not given the opportunity to present evidence on his behalf (and of course was not afforded the opportunity to argue it), the preliminary injunction should be set aside even if there were no other ground for doing so.

The court erred in another respect, however. The findings of fact are insufficient. Finding 17[5] will not sustain the preliminary injunction and Sims can point to no stronger finding. To justify the granting of a preliminary injunction there must be a showing of irreparable injury during the pendency of the action and, of course, a finding of fact to such effect. Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; American Mercury v. Kiely, 2 Cir., 19 F.2d 295. The attention of the trial court is again directed to Yakus v. United States, 321 U.S. 414, 439–440, 64 S.Ct. 660, 88 L.Ed. 834; to Chapters 52 and 65 of Moore's Federal Practice and to the authorities cited therein. In the case at bar the learned judge made no finding that irreparable injury would be wrought to Sims if a preliminary injunction was not granted.

The order of the court below granting the preliminary injunction will be reversed.

---

[5] As follows:

"By virtue of the circumstances recited in the foregoing findings, the salary and emoluments due the plaintiff have been discontinued by the A. M. E. Church, confusion exists as to the authority and power to supervise the affairs of the Church in the District, and the general management and direction of the affairs and property of the A. M. E. Churches within the First Episcopal District have been adversely affected."