## SIMS v. GREENE.
### Nos. 9486, 9529.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 5, 1948.

Decided Feb. 4, 1948.

See also 160 F.2d 517.

Walter A. Gay, Jr., of Philadelphia, Pa., for Sims.

C. Russell Phillips, of Philadelphia, Pa., for Greene.

---

[4] Cf. Bank of New York v. United States, D.C.N.J., 76 F.Supp. 549.

Before MARIS, McLAUGHLIN, and KALODNER, Circuit Judges.

PER CURIAM.

This suit was instituted by the plaintiff in the district court for the eastern district of Pennsylvania to enjoin the defendant from interfering with the plaintiff as presiding bishop of the First Episcopal District of the African Methodist Episcopal Church. The defense was that the plaintiff was no longer a bishop since at an extra session of the General Conference of the Church held at Little Rock, Arkansas, on November 21, 1946, he had been expelled from the office of bishop in the church, that the defendant had been assigned by the Bishops' Council of the Church to act as presiding bishop of the Philadelphia, Delaware and Maritime Conferences of the First Episcopal District in the plaintiff's stead and that pursuant to that assignment and in accordance with the A. M. E. Discipline he had come to Philadelphia to take over the duties previously performed by the plaintiff in those conferences. The case has already been before us twice in its preliminary stages. 3 Cir., 160 F.2d 512; 3 Cir., 161 F.2d 87.

After hearing the evidence and making findings of fact the district court concluded that the meeting of communicants and officials of the African Methodist Episcopal Church which was admittedly held at Little Rock on November 20, 21, 22, and 23, 1946, constituted an extra session of the General Conference of the Church as contemplated and provided for by the A. M. E. Discipline and that the conduct of the extra session, including the expulsion of the plaintiff as a bishop of the church, was in conformity with the laws of the church as interpreted and applied by the supreme church authorities and was not in violation of the laws of Pennsylvania. The court accordingly dismissed the plaintiff's complaint. The defendant's counterclaim which sought an injunction against the plaintiff was also dismissed by the court on the ground that no necessity had been shown therefor. Both parties appealed.

The questions involved in the case were fully considered and correctly decided by the district court in a careful opinion filed by Judge Welsh, 76 F.Supp. 669. Finding ourselves in complete accord with the views expressed in that opinion we deem it unnecessary to add anything to what is there said. We need only state our conclusion that the judgment appealed from was rightly entered and must be affirmed.

The judgment of the district court will be affirmed.