EUTECTIC WELDING ALLOYS CORP. v.
ZEISEL et al.

Civ. A. No. 811.

United States District Court
D. New Jersey.

Dec. 19, 1950.

79

Kristeller & Zucker, Newark, N. J., Saul J. Zucker, Newark, N. J., Stroock & Stroock & Lavan, New York City, of counsel, for plaintiff, for the motion.

Durand, Ivins & Carton, Asbury Park, N. J., for defendants, contra.

FORMAN, District Judge.

In this suit, plaintiff seeks to obtain an injunction which, among other prohibitions, would restrain defendants Albert E. Zeisel, Frigilatem Welding Alloys, Inc., New Jersey Alloys Co., Inc., and Zee Industries, Inc., from engaging in a competing business with plaintiff in alleged violation of a restrictive covenant provision of an employment contract between the plaintiff and the individual defendant Zeisel; from divulging or using any information regarding plaintiff's customers and trade secrets allegedly acquired by the individual defendant in connection with his employment by plaintiff; from communicating with any officers, agents or employees of plaintiff or affiliated companies for the purpose of inducing such persons to leave their employment; and from using any trade names or trade marks, including Frigilatem, Frigiloy or Low Temperature Welding Rods, that are similar to the trade names or trade marks used by plaintiff. The plaintiff prays for further relief in the form of an accounting to plaintiff and of profits of the defendants by reason of the alleged violation of the employment agreement between plaintiff and Zeisel and as a result of defendants' usage of certain trade names.

Plaintiff, by this motion, seeks a preliminary injunction, pending final determination on the merits of the case. Supporting and opposing affidavits have been filed and oral argument by counsel has been heard out of which it has been developed that there are serious issues of fact in dispute which cannot be resolved merely by affidavit but which require a trial. This alone would appear to furnish grounds why a preliminary injunction should be denied at this time. See General Electric Corp. v. Schwartz, D.C., 92 F.Supp. 966. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires the court, in all actions tried upon the facts without a jury to "find the facts specially and state separately its conclusions of law thereon" and "in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action." However, contradictory statements are contained in the respective affidavits filed in this cause. For example, plaintiff asserts as a primary reason for injunctive relief to it at this stage that the individual defendant is possessed of plaintiff's trade secrets and lists of customers. He, on the other hand, denies any knowledge whatever of secrets or lists. Findings may not be made when such conflicting statements appear in the affidavits, for as was said in Sims v. Greene, 3 Cir., 161 F.2d 87, 88: "Such conflicts must be resolved by oral testimony since only by hearing the witnesses and observing their demeanor on the stand can the trier of fact determine the veracity of the allegations made by the respective parties. If witnesses are not heard the trial court will be left in the position of preferring one piece of paper to another."

But aside from this consideration, there is a more obvious factor which prompts the denial of a preliminary injunction. The awarding or withholding of such extraordinary relief is a matter of sound judicial discretion in the exercise of which the court must balance the conveniences of the parties and possible injuries to them according as they may be affected thereby. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834; Rice & Adams Corp. v.Lathrop, 278 U.S. 509, 514, 49 S.Ct. 220, 73 L.Ed. 480. To justify the granting of a preliminary injunction there must be a showing of irreparable injury during the pendency of the action and, under Rule 52 (a), a finding of fact to such effect. Sims

v. Greene, supra. The proof must be clear that the withholding of the preliminary injunction would be more damaging to the moving party than to the defendant in the motion. G. F. Heublein & Bro. v. Bushmill Wine & Products Co., D.C., 39 F.Supp. 549. Such a showing of irreparable injury to plaintiff has not been established in this case. The claim of irreparable injury rests merely upon bare conclusory allegations in the complaint, the moving papers and the affidavit of plaintiff's president.

Plaintiff alleges that it does business in excess of four million dollars annually and that its employees number approximately three hundred and fifty. But its further allegations that, as a result of defendants' activities, it has lost business and customers and that defendants are making large profits are not substantiated. On the contrary, the defendants allege, and this has not been controverted, that they have only seven sales employees, of whom five are part-time, that their sales to date since June 1950 have averaged less than four thousand dollars per month or approximately one percent of plaintiff's sales, and that they have been operating at a loss since their commencement of business. As ·a matter of fact the granting of a preliminary injunction would most seriously disrupt and probably wipe out defendants' business, while plaintiff's established structure should be able to weather the feeble assault upon it pending the outcome of this litigation without serious damage. The plaintiff, in support of its motion, lays stress on the fact that the restrictive covenant is only for a two year period from March 21, 1950 and plaintiff's president asserts that "the denial of a temporary injunction would almost completely emasculate plaintiff's remedy even if a permanent injunction were granted after trial in the regular·calendar." This contention could have weight if a protracted delay were to occur before final hearing. To overcome it in view of the urgency of the nature of the relief sought by plaintiff, this. matter will be set specially for early trial.

Hence, it is on this 22d day of November, 1950 ordered that the plaintiff's motion for a preliminary injunction be, and the same is hereby denied, and

It is further ordered that the pretrial conference herein be, and the same is hereby fixed for Monday, December 4, 1950 at 2:30 p. m., and the final hearing is set for Tuesday, December 19, 1950, at 10:30 a. m.