412 F.2d 541
 SAN FRANCISCO-OAKLAND NEWSPAPER GUILD, Los Angeles Newspaper Guild, Local 69, Los Angeles Newspaper Web Pressmen's Union No. 18, Los Angeles Stereo-Typers' Union No. 58, Los Angeles Typographical Union No. 174, International Association of Machinists and Aerospace Workers, District Lodge No. 94, General Warehousemen's Union Local 598, Building Service and Maintenance Employees Union No. 399, Los Angeles Mailers' Union No. 9, and Los Angeles Paper Handlers Union No. 3, Appellants,
v.
Ralph E. KENNEDY, Regional Director of Region 21 of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Appellee.
 Nos. 22767-22769.
 United States Court of Appeals Ninth Circuit.
 June 4, 1969.
 
 COPYRIGHT MATERIAL OMITTED Stephan Reinhardt (argued), of Bodle, Fogel, Julber & Reinhardt, Levy, DeRoy, Geffner, Koszdin & Glow, Brundage & Hackler, Richman, Garrett & Ansell, O'Melveny & Myers, Los Angeles, Cal., Darwin, Rosenthal & Leff, San Francisco, Cal., for appellants.
 Milo V. Price, (argued), N.L.R.B., Los Angeles, Cal., for appellee.
 Before BARNES, BROWNING and CARTER, Circuit Judges.
 JAMES M. CARTER, Circuit Judge:
 
 
 1
 This is an appeal from an order and supplemental order of the district court which were entered in proceedings instituted on behalf of the National Labor Relations Board against appellant labor organizations under Sec. 10(l) of the National Labor Relations Act, as amended (hereafter the Act), 29 U.S.C. § 160(l). Appellee Ralph E. Kennedy, Regional Director of Region 21 of the Board, petitioned the district court seeking a preliminary injunction interlocutory to the final disposition of charges filed with the Board by the Los Angeles Herald-Examiner (hereafter the Herald-Examiner) and the San Francisco Examiner (hereafter the Examiner), alleging that appellants had engaged in, and were engaging in, unfair labor practices within the meaning of Sec. 8(b) (4) (i) and (ii) (B) of the Act (29 U. S.C. § 158(b) (4) (i) and (ii) (B)), such practices constituting a secondary boycott against the Examiner, the Chronicle Publishing Company (hereafter the Chronicle, and the San Francisco Newspaper Printing Company (hereafter the Printing Company). The orders by the court below, granting the preliminary injunction, were entered on February 7 and 8, 1968, pursuant to findings of fact and conclusions of law that appellee had reasonable cause to believe appellants had engaged in unfair labor practices.
 
 
 2
 This appeal presents the following questions:
 
 
 3
 1) Was the district court clearly erroneous in finding that there was reasonable cause for appellee to believe that the Herald-Examiner was operated independently from the Examiner, the Chronicle, and the Printing Company, so that appellants' conduct was a secondary boycott in violation of 8(b) (4) (i) and (ii) (B) of the Act?
 
 
 4
 2) Was it an abuse of discretion for the district court to deny appellants' request for discovery and the attendance of witnesses?
 
 
 5
 3) Was it an abuse of discretion for the district court to refuse to permit oral testimony on allegedly disputed facts?
 
 
 6
 The present proceeding grew out of a labor dispute originally existing between the Herald-Examiner and the appellant labor organizations (except the San Francisco-Oakland Newspaper Guild); on December 15, 1967, the labor organizations began picketing the plant and premises of the Herald-Examiner in Los Angeles in connection with that dispute. Subsequently, on January 5, 1968, appellants (including the San Francisco-Oakland Newspaper Guild) began picketing the plant and premises of the Examiner, the Chronicle, and the Printing Company, in San Francisco for the purpose of supporting the dispute with the Herald-Examiner. As a result of this activity, the regular newspaper publication and printing facilities of the Examiner, the Chronicle, and the Printing Company were shut down. The charges of unfair labor practices against appellants were thereafter filed by the Herald-Examiner and the Examiner. After investigation, appellee Kennedy concluded that there was reasonable cause to believe appellants had engaged in unfair labor practices under Sec. 8(b) (4) (i) and (ii) (B) of the Act and that a complaint by the General Counsel of the Board should issue.[1] Accordingly, appellee filed the petition for injunction, accompanied by affidavits and exhibits, in the court below on behalf of the Board pursuant to Sec. 10(l) of the Act, seeking injunctive relief pending final disposition of the proceedings before the Board.
 
 
 7
 The district court then issued an order requiring appellants to show cause why an injunction against them should not issue. That order provided that all evidence was to be presented by affidavits and that no oral testimony would be heard unless otherwise ordered by the court. Thereafter certain of the appellants filed with the court a request for an order permitting depositions and/or interrogatories and/or compelling the attendance of eight named witnesses. After hearing arguments, the court denied this request.
 
 
 8
 On February 7, 1968, the district court conducted a hearing on the petition. After oral argument and consideration of the evidence, including affidavits and exhibits submitted by both sides, the court concluded that an injunction should issue. The court entered findings of fact and conclusions of law that appellee had reasonable cause to believe that the Herald-Examiner was operated independently from the Examiner, the Chronicle, and the Printing Company, with separate, independent labor relations policies and practices, and that these labor relations policies were not controlled by The Hearst Corporation. The court therefore concluded there was reasonable cause for appellee to believe that appellants were engaged in unfair labor practices in violation of Sec. 8(b) (4) (i) and (ii) (B) of the Act.
 
 I.
 
 9
 Section 10(l) of the Act (29 U.S.C. § 160(l)) establishes a procedure by which a district court, upon application by the Board, may grant a preliminary injunction against an alleged unfair labor practice pending final adjudication of the controversy by the Board. All that is required under Sec. 10(l) for a regional director to petition for such an injunction is reasonable cause to believe an unfair labor practice is being committed. The preliminary injunction should be granted by the court if the court finds that the factual allegations and the propositions of law underlying the regional director's petition are not insubstantial and frivolous so that he has reasonable cause for believing the Act has been violated, and if the court finds that injunctive relief is appropriate. On appeal, review is limited to a determination of whether the district court's findings are clearly erroneous.[2] Retail Clerks Union, etc. v. Food Employers Council, Inc., 351 F.2d 525 (9 Cir.1965); Local No. 83, Construction, Building Materials and Miscellaneous Drivers Union, etc. v. Jenkins, 308 F.2d 516 (9 Cir.1962); Warehousemen's Union Local 6, etc. v. Hoffman, 302 F.2d 352 (9 Cir.1962).
 
 
 10
 Section 8(b) (4) (i) and (ii) (B) of the Act (29 U.S.C. § 158(b) (4) (i) and (ii) (B)) protects neutral employers from unions engaging in secondary boycotts against them. Appellants admit engaging in the picketing and other conduct which resulted in shutting down the Examiner, the Chronicle, and the Printing Company. Thus, if there was reasonable cause for appellee to believe that the Examiner, the Chronicle, and the Printing Company were neutral employers (independent of the Herald-Examiner) within the meaning of the Act, then appellants were engaging in unfair labor practices which could be enjoined under Sec. 10(l) of the Act.[3]
 
 
 11
 The Herald-Examiner, an independent Division of The Hearst Corporation, publishes a daily and Sunday newspaper in Los Angeles, California. The Examiner, also an independent Division of The Hearst Corporation, publishes a daily newspaper in San Francisco, California, and also publishes a Sunday newspaper jointly with the Chronicle. The Chronicle, a Nevada corporation, publishes a daily newspaper in San Francisco. The Printing Company, a Nevada corporation, is located in San Francisco and performs newspaper printing and other services for the Examiner and Chronicle.
 
 
 12
 The evidence presented to the district court was in conflict on the degree of control exercised by The Hearst Corporation over its various Divisions. However, we believe there was sufficient evidence for the court to conclude, as it did, that there was reasonable cause for appellee to believe that the Herald-Examiner was operated as a separate autonomous enterprise, with independent labor relations policies and practices which were not controlled by The Hearst Corporation, so that the Herald-Examiner in these respects was independent of the Examiner, the Chronicle, and the Printing Company. The fact that the Herald-Examiner and the Examiner are both under common ownership (Divisions of a single Corporation) is not controlling; separate enterprises under common ownership can be neutral employers if they are operated independently without common control. Miami Newspaper Pressmen's Local No. 46 v. N. L. R. B., 116 U.S.App.D.C. 192, 322 F. 2d 405 (1963); Bachman Machine Co. v. N. L. R. B., 266 F.2d 599 (8 Cir.1959); J. G. Roy & Sons Co. v. N. L. R. B., 251 F.2d 771 (1 Cir.1958); see also, Penello v. American Federation of Television and Radio Artists, 291 F.Supp. 409 (D. Md.1968). There does not appear to be the same evidence of common control in The Hearst Corporation as the Board found in Alexander Warehouse & Sales Co., 128 NLRB 916 (1960), relied on by appellants.[4] The Chronicle and the Printing Company are not divisions of Hearst, but rather are separate corporations. Thus, there was at least reasonable cause to believe that the Examiner, the Chronicle, and the Printing Company were neutral employers entitled to protection under Sec. 8(b) (4) (i) and (ii) (B) of the Act.
 
 
 13
 We therefore conclude that the district court was not clearly erroneous in finding that appellee had reasonable cause to believe that appellants' conduct violated the Act.
 
 II.
 
 14
 Appellants contend the district court abused its discretion in denying their request for discovery since they sought relevant and necessary evidence. We disagree with this contention.
 
 
 15
 We believe the district court followed a proper procedure for a proceeding under Sec. 10(l) of the Act. Evidence of reasonable cause had already been presented by appellee; extensive discovery, as requested by appellants, would at best have only created a conflict in the evidence and raised credibility issues which, as the court pointed out, could only be resolved by the Board. The district court under Sec. 10(l) has the limited function of ascertaining whether reasonable cause exists. Thus, the court did not abuse its discretion by refusing to permit extensive discovery which would have led to a full inquiry on the merits of the controversy. We find appellants suffered no prejudice as a result of this refusal.
 
 III.
 
 16
 Appellants contend the district court erred in refusing to permit oral testimony on disputed facts. We also disagree with this contention.
 
 
 17
 This is not a case where one side to a controversy was denied the opportunity to be heard; rather, appellants were allowed to, and in fact did, present many affidavits to support their position. Moreover, the district court heard oral argument on the controversy. We believe appellants were afforded a sufficient opportunity to present their case without using oral testimony.[5] Moreover, nothing in Sec. 10(l) of the Act indicates that witnesses are required at the hearing on the preliminary injunction. While other courts may disagree,[6] the rule in this circuit is that in a proceeding on an order to show cause why a preliminary injunction should not be granted, the injunction may, in the discretion of the trial court, be granted or denied upon the affidavits. Hoffritz v. United States, 240 F. 2d 109, 111 (9 Cir.1956); Ross-Whitney Corp. v. Smith Kline & French Lab., 207 F.2d 190 (9 Cir.1953). We therefore conclude that the district court did not err in refusing to allow oral testimony at the hearing on the preliminary injunction.
 
 
 18
 The order and supplemental order of the district court are affirmed.
 
 
 
 Notes:
 
 
 [1]
 The decision of the Trial Examiner on this complaint was issued March 28, 1969. Trial Examiner Marx concluded there was a secondary boycott violation by appellants against the Chronicle and the Printing Company but not against the Examiner; (an opposite conclusion was reached in a similar case by Trial Examiner Singer as to Divisions of The Hearst Corporation in Baltimore News American Division, The Hearst Corporation, Case No. 5-CC-446, 1/27/69). We are not bound by the Trial Examiner's decision in the case at bar because different standards govern the issuance of a preliminary injunction and because the decision of the Trial Examiner is not a final administrative decision. See, Slater for and on behalf of N. L. R. B. v. Denver Building and Construction Trades Council, 175 F.2d 608 (10 Cir. 1949)
 
 
 [2]
 Appellants, relying on McLeod, for and on behalf of N.L.R.B. v. Business Machine and Office Appliance Mechanics Conference Board, 300 F.2d 237 (2 Cir. 1962), assert the proper standard for review is whether the district court was "wrong" rather than "clearly erroneous." However, inMcLeod, unlike the case at bar, only a question of law was involved.
 
 
 [3]
 Neither the district court nor this court is called upon to decide whether in fact a violation of the Act has been committed; the ultimate determination with respect to this question is reserved exclusively for the Board, subject to review by the courts of appeals pursuant to Sec. 10(e) and (f) of the Act (29 U.S.C. § 160(e) and (f))
 
 
 [4]
 Appellants lay great stress on the fact that The Hearst Corporation is a single legal entity, and argue that its Divisions cannot be neutral employers entitled to protection under the Act. While the Board may ultimately accept this contention, there could still be reasonable cause for appellee and the district court to believe otherwise, based upon an apparent lack of common control. We, of course, do not now decide the ultimate issue
 
 
 [5]
 It was also asserted by appellee that as a matter of practice in the court below, motions for preliminary injunctions are heard on affidavits alone
 
 
 [6]
 See, e. g., Sims v. Greene, 161 F.2d 87, 88 (3 Cir. 1947)