Ralph E. KENNEDY, Regional Director of Region 21 of the National Labor Relations Board, FOR AND ON BEHALF OF the NATIONAL LABOR RELATIONS BOARD, Petitioner-Appellant,

v.

LOS ANGELES TYPOGRAPHICAL UNION NO. 174; Los Angeles Stereotypers' Union No. 58; Los Angeles Web Pressmen's Union No. 18; Los Angeles Paper Handlers' Union No. 3; Los Angeles Newspaper Guild; Los Angeles Mailers Union No. 9; International Association of Machinists and Aerospace Workers, District Lodge No. 94; Service and Maintenance Employees Union, Local No. 399; and Herald-Examiner Joint Strike Lockout Council, Respondents-Appellees.

No. 24264.

United States Court of Appeals
Ninth Circuit.

Sept. 19, 1969.

As Modified on Denial of Rehearing
Dec. 1, 1969.

Julius G. Serot (argued), Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marvin Roth, Atty., Washington, D. C., Roy O. Hoffman, Regional Counsel, San Francisco, Cal., for appellant.

George E. Bodle (argued), Lester G. Ostrov (argued), and Stephen Reinhardt of Bodle, Fogel, Julber & Reinhardt, Eugene Miller and Paul Crost, of Brundage & Hackler, Herbert M. Ansell, of Ansell & Ansell, Leo Geffner, of Geffner & Satzman, Los Angeles, Cal., for appellee.

Charles G. Bakaly, Jr., and Peter M. Anderson, of O'Melveny & Myers, Los Angeles, Cal., amici curiae.

Before MERRILL and CARTER, Circuit Judges, and KILKENNY, District Judge*.

MERRILL, Circuit Judge:

Appellee unions are engaged in a labor dispute with the Los Angeles Herald-Examiner. White Front Stores, Inc., carried advertisements in that newspaper. The unions picketed White Front Stores with signs stating: "HELP YOUR NEIGHBORS! DON'T BUY GOODS ADVERTISED BY WHITE FRONT IN THE HERALD-EXAMINER."

White Front, contending that this constituted a secondary boycott in violation of § 8(b) (4) (ii) (B) of the National Labor Relations Act, 29 U.S.C. § 158(b) (4) (ii) (B), filed an unfair labor practice charge against the unions. Appellant, as Regional Director of the National Labor Relations Board, sought an injunction under § 10(*l*) of the Act, 29 U.S.C. § 160(*l*).[1] The District Court denied the injunction and this appeal followed.

Appellees contend that their picketing was lawful under NLRB v. Fruit & Vegetable Packers & Warehousemen, 377 U.S. 58, 84 S.Ct. 1063, 12 L.Ed.2d 129 (1964), commonly known as the *Tree Fruits* decision. They assert that the picketing did not attempt to persuade customers not to trade at all with White Front (and thus create a separate dispute with the store), but was merely intended to follow a struck product of the newspaper, its advertising. This theory is vigorously disputed by the Director and the issue of law so presented will

* Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

1. "Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (A), (B), or (C) of section 158(b) of this title * * * the preliminary investigation of such charge shall be made forthwith * * *. If after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable

cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court within any district where the unfair labor practice has occurred * * * for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper * * *."

face the Board in the pending unfair labor practice proceedings.

In denying injunction the District Court stated:

"Where the petitioner seeks an injunction under 29 U.S.C. § 160(l) and his finding of reasonable cause is based on a legal issue that is yet unresolved, it does not appear to this Court that it is just and proper to invoke equitable remedies by issuing an injunction.

This Court finding that there is not reasonable cause to believe that an unfair labor practice has occurred, and finding that an injunction would not be just and proper under these circumstances,

IT IS ORDERED that this petition for a temporary injunction is denied."

■ In our view the District Court was in error in deciding that the unsettled state of the law was by itself sufficient to support a finding that there was not reasonable cause for the Director to believe that an unfair labor practice had occurred.

■ As this court said in San Francisco-Oakland Newspaper Guild v. Kennedy, 412 F.2d 541 (9th Cir. 1969), a preliminary injunction under § 10(l) should be granted "if the court finds that the factual allegations and the propositions of law underlying the regional director's petition are not insubstantial and frivolous so that he has reasonable cause for believing the Act has been violated, and if the court finds that injunctive relief is appropriate." See also Schauffler v. Local 1291, Int'l Longshoremen's Ass'n, 292 F.2d 182, 187 (3d Cir. 1961). The fact that there are no prior decisions closely tailored to the facts of this case may make the Regional Director's legal propositions novel but it does not automatically render them frivolous or insubstantial. It can hardly be said that the legal theories advanced in cases of first impression are necessarily without merit or frivolous. Although it may be that the union will ultimately prevail on the merits, it seems clear from the briefs that the Director's legal propositions are sufficiently sound to meet the "reasonable cause" requirement of § 10(l).

■ The union also contends that the picketing was merely a vehicle for dissemination of information concerning a labor dispute and as such constitutionally protected by the First Amendment. They rely on Justice Black's concurring opinion in NLRB v. Fruit & Vegetable Packers & Warehousemen, 377 U.S. 58, 76, 84 S.Ct. 1063 (1964). Although picketing in some instances may be constitutionally protected, Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940), there are many situations where it may be regulated. Hughes v. Superior Court, 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985 (1950). In this case, any injunction would be to protect a bystander from a secondary boycott; if the union is interested in explaining its view to the public, it can do so without harming a neutral in this labor dispute. Printing Specialties & Paper Converters v. LeBaron, 171 F.2d 331 (9th Cir. 1949), cert. dismissed 336 U.S. 949, 69 S.Ct. 884, 93 L.Ed. 1105 (1950); Burr v. NLRB, 321 F.2d 612 (5th Cir. 1963). See also Amalgamated Food Employees v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968); NLRB v. Denver Bldg. & Const. Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284 (1951); Int'l Brotherhood of Elec. Workers v. NLRB, 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299 (1951). Congress is not powerless to prohibit secondary boycotts.

The order of the District Court is set aside and the matter is remanded for further consideration.

## ORDER ON PETITION FOR REHEARING

Rehearing is denied.

The court reserves judgment on the legal propositions asserted by petitioner (appellant) but to assure neutrality of its position on these propositions accedes to petitioner's suggestions with reference to modification of the opinion on file.