## MEDECO SECURITY LOCKS, INC., Plaintiff-Appellee,

v.

## Thomas V. SWIDEREK and Continental Micro, Inc., Defendants-Appellants.

### No. 80–2784.

United States Court of Appeals, Seventh Circuit.

Argued May 1, 1981.[*]

Decided May 26, 1981.

[*] This appeal was originally decided by unreported order on May 26, 1981. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

James T. Fitzgibbon, Fitzgibbon, Roehrig, Greenawalt & Gilhooly, Chicago, Ill., for defendants-appellants.

G. Franklin Rothwell, Bernard, Rothwell & Brown, Washington, D. C., for plaintiff-appellee.

Before SWYGERT, and PELL, Circuit Judges, and CAMPBELL,[**] Senior District Judge.

PER CURIAM.

Defendant Swiderek has appealed to this court from the district court's grant of a preliminary injunction which prohibited Swiderek from printing, publishing, or selling a book of lock and key code numbers in competition with a book copyrighted by plaintiff Medeco. The books inform locksmiths how to produce various keys to fit Medeco's "high-security" locks and for many years Medeco has made its code book available only to those locksmiths who have purchased Medeco's key-making machines. Appellant contends that he obtained the

[**] Senior District Judge William J. Campbell from the Northern District of Illinois is sitting by designation.

code information contained in his book only by personally examining and measuring tens of thousands of Medeco's publicly available keys. Medeco, on the other hand, claims that appellant obtained the information simply by expropriating the data in Medeco's book in violation of its copyright protection. The district court accepted Medeco's theory and granted the preliminary injunction without briefing or holding any type of a prior hearing. The court stated, however, that its factual findings were "subject to further consideration if conflicting evidence is adduced by defendant...."

■ We do not believe the district court's granting of an injunction can be upheld. Our conclusion is not based upon the court's opinion on the merits of this controversy, but rather concerns the procedures utilized by the court in granting the injunction. It is well established that, in general, a motion for a preliminary injunction should not be resolved on the basis of affidavits alone. Normally, an evidentiary hearing is required to decide credibility issues. *Forts v. Ward*, 566 F.2d 849, 851 (2d Cir.1977) (citations omitted); *Marshall Durbin Farms, Inc. v. National Farmers Org., Inc.*, 446 F.2d 353, 356 (5th Cir. 1971); *Consolidation Coal Co. v. Disabled Miners of So. W. Va.*, 442 F.2d 1261, 1269–70 (4th Cir. 1971), *cert. denied*, 404 U.S. 911, 92 S.Ct. 228, 30 L.Ed.2d 184; *SEC v. Great American Indus., Inc.*, 407 F.2d 453 (2d Cir. 1968), *cert. denied*, 395 U.S. 920, 89 S.Ct. 1770, 23 L.Ed.2d 237 (1969); *Detroit & Toledo Shore Line R. Co. v. Bro. of Loc., F. & E.*, 357 F.2d 152 (6th Cir. 1966). The seminal case in this area is *Sims v. Greene*, 161 F.2d 87 (3d Cir. 1947), where the court held that a hearing was required prior to the issuance of a preliminary injunction when the pleadings and affidavits were conflicting:

> Such conflicts must be resolved by oral testimony since only by hearing the witnesses and observing their demeanor on the stand can the trier of fact determine the veracity of the allegations made by the respective parties. If witnesses are not heard the trial court will be left in the position of preferring one piece of paper to another.
>
> *      *      *      *      *      *

Rule 65(b) provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies the opportunity to be heard. Hearing requires trial on the issue or issues of fact. Trial on the issue of fact necessitates opportunity to present evidence and not by only one side of the controversy.

*Id.* at 88 (footnotes omitted). This holding was reaffirmed in *SEC v. Frank*, 388 F.2d 486 (2d Cir. 1968), where the court applied a sliding-scale test to the question of whether or not a hearing must be provided on a motion for a preliminary injunction. Judge Friendly in writing for the court noted that the issue manifested the tension between the need for speedy action and the desire for certainty and complete fairness, and recognized that a hearing may not be necessary in those cases where the issues are clear and not in serious dispute (*e.g., Socialist Workers Party v. Ill. St. Board of Elections*, 566 F.2d 586, 587 (7th Cir. 1977), *aff'd*, 440 U.S. 173, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 (9th Cir. 1969)). However, in those cases where "everything depends on what happened and that is in sharp dispute," the court found "the inappropriateness of proceeding on affidavits attains its maximum...." 388 F.2d at 490–91.

■ We conclude that the application of these tests to the present case requires the holding of an evidentiary hearing prior to the issuance of the preliminary injunction. Here, the trial court's decision was reached without the holding of any hearing whatsoever and in the absence of any affidavits or even a verified complaint. The "facts" that the district court determined did not support appellant's defense were derived solely from the direct examination of appellant by *Medeco* during appellant's deposition, and the consequent "cross" examination of appellant by his own counsel. This foundation for the trial court's conclusion regarding the merits of appellant's defense was insufficient. *Dopp v. Franklin National Bank*, 461 F.2d 873, 879 (2d Cir. 1972). Practitioners rarely engage in extensive interrogation of their clients at depositions

called by an opponent. At oral argument, counsel for Medeco conceded the correctness of this statement. Discovery deposition testimony, in fact, will often, if not usually, present even less of a complete picture of a party's position than affidavits presented by that party. The trial court's reading of such a deposition is an inadequate substitute for the hearing of oral testimony and the observing of a witness' demeanor in these highly contested cases where the proper characterization of the factual occurrences is crucial and where credibility is a major determinative factor. *Sims, supra* at 88; *Aguirre v. Chula Vista Sanitary Service and Sani-Tainer, Inc.,* 542 F.2d 779, 781 (9th Cir. 1976); *Frank, supra* at 492. This is especially true in the trademark and patent area where a plaintiff can totally prevent the conduct of a defendant's business through the use of these injunctions. *Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.,* 443 F.2d 867, 871 (2d Cir. 1971). In these circumstances, the decision not to hold an evidentiary hearing was an abuse of the district court's discretion. The preliminary injunction, therefore, is vacated. Circuit Rule 18 shall apply on remand.

VACATED AND REMANDED.