DAN M. LEE, Justice,
for the Court:
In this case, the Chancery Court of Harrison County issued a preliminary injunction preventing the appellants from employing certain advertising methods to sell condominium units in “The Village by the Sea” and from using the name “The Village” in connection with their development. They appeal, assigning as error the grant *287 ing of the injunction, and the failure of the trial court to allow them to put on evidence. We find that the court below did err in refusing to hear the appellants’ case, and reverse and remand.
This case involves two condominium units located in Gulfport, Mississippi. The Village at Henderson Point was constructed and developed by W & W Holdings, one of the defendants to this suit. The principals of W & W Holdings are members of the Winters family, two of whom were also defendants. At the time of the suit, the Village at Henderson Point was substantially completed, and people were living in its units.
W & L Holdings, another defendant to this suit, developed The Inn by the Sea, located next to the Village at Henderson Point. The principals of W & L include a member of the Winters family, and Leo Chester LeBlanc, a co-defendant below. At the time of this suit, The Inn by the Sea was still under construction. At completion, it will, apparently, be smaller and have fewer amenities than The Village by the Sea. After its inception, but before the time of this suit, the developers changed the name of “The Inn by the Sea” to “The Village by the Sea,” to avoid any transient hotel connotations.
The instant controversy involves advertising efforts undertaken by W & L Holdings to sell units at The Village by the Sea. These efforts include a television commercial, a brochure, a billboard, radio broadcasts, and the use of a sales office located at the Village at Henderson Point. According to the plaintiffs, the television commercial shows scenes at the Village at Henderson Point, including some amenities located there that will not be available at The Village by the Sea. The sales brochure contains pictures of The Village at Henderson Point. The owners association complained that the billboard, advertising “The Village,” contained a picture of The Village at Henderson Point, but the telephone number of the W & L sales office, developers of The Village by the Sea. During the radio broadcast complained of, the announcer, who was located at The Village at Henderson Point, referred to it as The Village by the Sea. Finally, the defendants retained ownership of a condominium unit at the Village at Henderson Point and used it as a sales office for The Village by the Sea.
The owners association filed its complaint on August 1, 1985, against the developers of their condominiums, as well as the other defendants. The suit demanded damages not only from the sales practices, but also for several alleged defects in the development of The Village at Henderson Point. On August 26, 1985, the court held a hearing on the request for injunctive relief to prevent W & L’s sales tactics.
At the hearing, the plaintiffs presented the evidence outlined above. No witnesses were offered to testify that they had been confused by W & L’s techniques. However, the owners association testified that W & L was misleading buyers into thinking that they were getting the same quality of investment at The Village by the Sea as at The Village at Henderson Point, which would damage resales and rentals of their units. However, their witnesses admitted that they had not talked to anyone who had been confused, and they did not know if rentals had actually been damaged.
After the plaintiffs had rested, the defendants moved to dismiss the motion for a preliminary injunction, and argument on the motion ensued. Immediately thereafter, the chancellor stated:
I’m going to grant the temporary injunction to prohibit the defendants herein from using any of these advertisements that are deceptive in any way as to make the property, The Village by the Sea, inseparable from The Village at Henderson Point. I’m going to order that they be prohibited from using the name, The Village by the Sea, and the name, The Village, until this matter is finally heard on its merits, and order that an injunction be drawn to that effect....
After this ruling, the following exchange was had between the court and the attorney for the defendants:
*288 MR. DYMOND: Your Honor, I believe I haven’t put my proof on. That was only a motion.
THE COURT: I’ve heard enough of it. Furnish me an order on it.
At issue in this case is whether the trial judge was required to hear both parties’ testimony at the hearing in this case, and whether the plaintiffs could show their entitlement to a preliminary injunction without evidence being heard from both sides. Rule 65(a) of the Mississippi Rules of Civil Procedure, which governs the granting of a preliminary injunction, provides that the remedy should not issue without notice to the adverse party. It also provides, in Rule 65(a)(2), that the court may order the hearing on the preliminary injunction consolidated with the trial on the merits. The federal courts have construed this rule to mean that a hearing is normally required on a motion for a preliminary injunction, although an exception may be made where affidavits presented by the party show no material conflict of facts, where the evidence presented by one party is exceptionally strong, or where the parties do not desire oral argument. Wright & Miller, Federal Practice and Procedure § 2949 (1973).
In Cockrell v. Davis, 198 Miss. 660, 23 So.2d 256 (1945), an injunction was issued preventing the use of another’s personal name in business. However, the holding of that case indicated that there were several factual issues, discussed infra, which must be resolved before an injunction would lie. These criteria distinguish this case from those recognized by the federal courts in which the evidence presented by one party clearly establishes his right to relief without a hearing. Neither does the evidence in this case indicate that the defendants waived their right to present evidence. Thus, under the construction of Rule 65 given by the federal courts, a hearing was required in this case.
Having established that the relief sought in this case justified a hearing, the question becomes whether the chancellor erred in concluding the hearing after only one party presented evidence. The Third Circuit, in Sims v. Greene, 161 F.2d 87 (3rd Cir.1947), resolved this issue in favor of the defendant, holding:
The issuance of a preliminary injunction under such circumstances is contrary not only to the Rules of Civil Procedure but also to the spirit which imbues our judicial tribunals prohibiting decision without hearing. Rule 65(a) provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies an opportunity to be heard. Hearing requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy.
Id. at 88. See also Securities and Exchange Commission v. G. Weeks Securities, Inc., 678 F.2d 649 (6th Cir.1982); Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc., 446 F.2d 353 (5th Cir.1971). But cf. International Molders’ and Allied Workers’ Local Union No. 164 v. Nelson, 799 F.2d 547 (9th Cir.1986) (Evidentiary hearing not required where oral argument will suffice.)
Clearly, the denial to the defendants/appellants of the opportunity resulted in prejudice. As outlined in Cockrell, the right to use of a trade name is qualified, and to determine whether that right has been eroded, the court must determine whether:
1) The subsequent use was in good faith;
2) The subsequent use resulted in confusion or the likelihood of confusion;
3) The subsequent use was done with the intent to appropriate business or good will;
4) The subsequent use provokes unfair competition; or
5) The subsequent use, without competition, is a capitalization upon another’s goodwill.
198 Miss, at 676, 23 So.2d at 262.
These issues were raised by the testimony given by the plaintiffs in this case. The cross-examination of their witnesses revealed that there was some question as to whether photographs of another development were unavoidably used to promote The Village by the Sea, since it was still *289 under construction. An issue existed with regard to whether anyone had actually been confused by the advertising, or whether any of the goodwill of The Village at Henderson Point had been appropriated. Even more basic, there was an issue with regard to whether the pictures shown in the commercial and the sales brochure were actually of The Village at Henderson Point. Given these questions, it was error for the chancellor to have issued a preliminary injunction without giving the defendants an opportunity to present their case.
One final word: we note that the order appealed here disposed of only one of several counts of the original complaint, and the record is silent as to the resolution of the remainder of the suit. This is the sort of piecemeal appeal generally discouraged, and we find no indication that this case would fall into the class of cases where interlocutory appeal should have been allowed. Kilgore v. Barnes, 490 So.2d 895 (Miss.1986). However, this was not assigned as error by either party, so we make no holding on this issue.
Finding reversible error in the refusal of the chancellor to hear evidence from the appellants in this case, we reverse and remand.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE AND HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.