**PERFORMANCE PAINT YACHT REFINISHING, INC.,**
Plaintiff,

v.

**Kevin HAINES, Jose Hernandez and Calibre Yacht Refinishing Inc.,**
Defendants.

No. 99–7157–CIV–FERGUSON.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Dec. 15, 1999.

## OMNIBUS ORDER

FERGUSON, District Judge.

**THIS CAUSE** is before the Court on various motions filed by the parties.

## FACTUAL BACKGROUND

The plaintiff, Performance Paint Yacht Refinishing, Inc. ("Performance Paint"), a Ft. Lauderdale, Florida based company, brings this action against the defendants Jose Hernandez ("Hernandez"), Kevin Haines ("Haines"), and Calibre Yacht Inc., ("Calibre") seeking injunctive relief and damages. Haines is a former officer of Performance Paint. Hernandez is a former managerial employee of Performance Paint. While employed with Performance Paint, Haines and Hernandez each signed separate Employment Agreements which included a prohibition against competition with Performance Paint or the soliciting or hiring of its workers. Haines formed the defendant company Calibre and, together with Hernandez, operate the company as a yacht refinishing company. It is alleged that the defendants violated the non-competition agreement.

## DISCUSSION

### A. DEFENDANT HERNANDEZ MOTION TO DISMISS [D.E. 13]

[1] Hernandez moves this Court to dismiss Performance Paint's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), for improper venue. Rule 12(b)(3) provides that the defense of improper venue may be raised on a motion to dismiss. Alternatively, Hernandez moves the court to transfer the Cause to a district where it could have been brought. See 28 U.S.C. § 1404(a) (providing that district court "may transfer any civil action to any other district or division where it might have been brought.").

Hernandez' "Preliminary Non–Competition and Non–Disclosure Agreement" signed with Performance Paint contained a forum selection clause which provided:

(11) *Venue.* The parties hereby agree that the sole and exclusive venue for any legal proceedings arising out of this Agreement shall be in Chatham County, Georgia.

Such agreements provide the exclusive venue for litigation and have consistently been upheld as enforceable. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988); *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1289–90 (11th Cir.1998); *XR Co. v. Block & Balestri, P.C.,* 44 F.Supp.2d 1296, 1298 (S.D.Fla.1999); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (2d ed. 1986 & Supp.1998) (discussing forum-selection clauses as "Contractual Modification" of venue).

If the plaintiff wishes to have its claim against Hernandez litigated in a forum other than that named in the agreement with the defendant, it must make an evidentiary showing to the court in Georgia that the contractually selected forum is inconvenient. *See Stewart Organization, Inc. v. Ricoh Corporation,* 810 F.2d 1066, 1070 (11th Cir.1987) (quoting *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1,16,18, 92 S.Ct. 1907, 1916,-1917, 32 L.Ed.2d 513, (1972) ("[One] factor which might justify refusal to enforce a forum selection clause would be 'if the chosen forum is seriously inconvenient for the trial of the action.' The party opposing the clause must 'show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.' ")).

### B. PERFORMANCE PAINT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [D.E. 2]

Performance Paint moves this Court for a Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rules of Civil Procedure 65. Rule 65 provides "(b) A temporary restraining order may be granted...only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant...."

Performance Paint has not shown that it would suffer irreparable harm should a temporary restraining order not be issued. From all that appears in the record an award of damages would adequately compensate for the losses allegedly suffered. *See T.J. Cun-*

ningham v. Adams, 808 F.2d 815, 822 (11th Cir.1987). Neither has there been a showing that the balance of hardship tips in favor of Performance Paint should injunctive relief not be granted. Furthermore, there is a dispute concerning material facts which precludes this Court from making factual determinations based on affidavits for the purpose of granting injunctive relief. *See McDonald's Corporation v. Robertson,* 147 F.3d 1301 (11th Cir.1998) quoting *Campbell Soup Co. v. Giles,* 47 F.3d 467, 470 (1st Cir.1995 (quoting *SEC v. Frank,* 388 F.2d 486, 491 (2d cir.1968))) ("[W]hen the parties' competing versions of the pertinent factual events are in sharp dispute, such that the propriety of injunctive relief hinges on determinations of credibility, 'the inappropriateness of proceeding on affidavits [alone] attains its maximum.' "); *Sims v. Greene,* 161 F.2d 87, 88 (3d Cir.1947) ("Generally, of course, a judge should not resolve a factual dispute on affidavits or depositions, for then he is merely showing a preference for"one piece of paper over another).

## C. HAINES AND CALIBRE MOTION TO DISMISS COUNTS II, III, IV [D.E. 15]

Haines and Calibre move this Court to dismiss Counts II, III, and IV of the verified complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), improper venue, and 12(b)(6), failure to state a claim. Counts II and III involve an allegation of breach of fiduciary duty and conspiracy to commit breach of fiduciary duty. Haines and Calibre, invoking the economic loss rule, argue that the claim for breach of fiduciary duty must be dismissed for failure to state a claim because the claim is dependent on the existence of an underlying contract. Relying on *Interstate Securities Corp. v. Hayes Corp.,* 920 F.2d 769 (11th Cir.1991), the defendants assert that without evidence of personal injury or property damage a plaintiff cannot raise tort claims to recover solely economic damages flowing from a breach of contract. Thus, the defendants claim, Performance Paint may seek tort damages only if there is evidence of conduct that establishes a tort distinguishable from the alleged breach of contract claim.

However, more recently, the Florida Supreme Court modified its economic loss rule in *Moransais v. Heathman,* 24 Fla. L. Weekly S 308, 744 So.2d 973 (1999). That decision is controlling. *See First Equity Corporation of Florida, Inc. v. Watkins,* 24 Fla. L. Weekly D1758, n. 3, 1999 WL 542639, *2 (Fla.App. 3 Dist. July 28, 1999) ("After *Moransais, Interstate Securities* and its progeny cannot be recognized as good law on this point."). *Moransais* held that while provisions of a contract may impact a legal dispute, the mere existence of a contract should not necessarily serve to bar a separate action in tort based on the contract even though the damages are purely economic in nature. The high court acknowledged that its "pronouncements on the [economic loss] rule have not always been clear and... have been the subject of legitimate criticism and commentary." It went on to clarify and limit the rule:

> Today, we again emphasize that by recognizing that the economic loss rule may have some genuine, but limited, value in our damages law, we never intended to bar well-established common law causes of action, such as those for neglect in providing professional services. Rather, the rule was primarily intended to limit actions in the product liability context, and its application should generally be limited to those contexts or situations where the policy considerations are substantially identical to those underlying the product liability type analysis. We hesitate to speculate further on situations not actually before us. The rule, in any case, should not be invoked to bar well-established causes of actions in tort....

24 Fla. L. Weekly at S 312, 744 So.2d 973 (footnote omitted). *See also First Equity Corporation of Florida, Inc.,* 1999 WL 542639, at *1 ("[L]iability can arise when fiduciary duties are breached.... *Moransais* ...makes it quite clear that the economic loss rule has not abolished the cause of action for breach of fiduciary duty, even if there is an underlying oral or written contract."). Because state substantive law is controlling in a federal court sitting in diversity, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, (1938), this Court, applying *Mor-*

*ansais,* finds that the plaintiff's claims under Counts II, and III are not necessarily barred by the economic loss rule.

Haines and Calibre rely on the venue provision contained in the Preliminary Non–Competition and Non–Disclosure Agreement signed between Hernandez and Performance Paint as barring Count IV of the complaint. Haines and Calibre, who were not parties to the agreement, derive no rights from the forum selection clause in Hernandez' contract and therefore cannot rely upon it as the basis for their motion to dismiss.

Having duly considered the complaint, pleadings, and oral arguments it is

**ORDERED AND ADJUDGED** as follows:

1.  The Defendant Hernandez' Motion to Dismiss Complaint [D.E. 13] is **GRANTED,** and as to Hernandez the Cause is **DISMISSED** without prejudice.

2.  The Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [D.E. 2] is **DENIED.**

3.  The Defendants Haines and Calibre's Motion to Dismiss Counts II, III, and IV [D.E. 15] is **DENIED.**